545 P.2d 938
**STATE of Arizona, Appellee,**

v.

**Joe Willie WILLIAMS, Appellant.**

**No. 3111.**

Supreme Court of Arizona,
In Banc.

Feb. 5, 1976.

Ross P. Lee, Maricopa County Public Defender, Rudy J. Gerber, Deputy Public Defender, Phoenix, for appellant.

GORDON, Justice:

The appellant, Joe Willie Williams, was convicted by a jury of the crimes of kidnapping with the intent to commit rape, rape, armed robbery and theft of a motor vehicle. On appeal he contends that the trial court handled defense counsel's objections in such a prejudicial manner that appellant was denied a fair trial, that the state did not establish the element of penetration as required in a rape conviction, and that the pre-trial "line-up" procedures were conducted in such a manner so that the admission into evidence of the pre-trial and in-court identification by the prosecutrix constituted a fundamental denial of due process. We take jurisdiction pursuant to Art. 2 § 24 and Art. 6 § 5 of the Arizona Constitution and A.R.S. § 12–120.-21. We affirm the judgment.

The facts viewed to support the verdict, *State v. Garcia,* 102 Ariz. 468, 433 P.2d 18 (1967), are as follows: On August 17, 1974 at sunset the prosecutrix was abducted at knifepoint by the appellant. For approximately two hours she was driven about the environs of Chandler, robbed of approximately seventy-five dollars, and then driven to a plowed field where the appellant raped her. The prosecutrix was then abandoned, and she sought help from the occupants of a nearby farmhouse. The appellant fled, and was apprehended driving the prosecutrix' automobile shortly thereafter. At the Chandler Police Station he was taken to a viewing room where the prosecutrix observed him through a one-way window and subsequently identified him as her attacker.

Appellant first contends that the trial court erred in its manner of handling appellant's objections, and thereby denied him a fair trial. After a review of the record we find no prejudicial error. Appellant contends that the trial judge unnecessarily harassed or badgered defense coun-

Bruce E. Babbitt, Atty. Gen., William J. Schafer, III, Chief Counsel, Crim. Div., Cleon M. Duke, Asst. Atty. Gen., Phoenix, for appellee.

sel both within the hearing of the jury and in those proceedings at the bench. The trial court has a duty to "refrain from making unnecessary comments or doing any act which might cause prejudice * * * or * * * influence minds of the jury." *Browning v. State,* 53 Ariz. 174 at 183, 87 P.2d 112 at 116 (1939). It follows that remarks made outside the hearing of the jurors, even if prejudicial to the appellant, could not keep the jury from exercising an impartial judgment on the merits, and do not warrant a reversal. *Paddock v. United States,* 320 F.2d 624 (9th Cir. 1963).

█ The remarks and rulings objected to, made in the presence of the jury, in context with other questions by counsel and rulings of the court, were not calculated to influence the minds of the jury. Appellant alleges that the trial court ruled against his objection, and then refused to allow him to argue the basis for his objection. The record, viewed in its entirety, does not support this allegation, nor does it indicate hostility or prejudice toward the appellant that would deprive him of a fair trial. See *State v. Ortiz,* 9 Ariz.App. 116, 449 P.2d 953 (1969). Defense counsel's objection had been offered previously, counsel had been permitted to offer his basis for the record and the trial court had ruled on the point of law. In such an instance the court is within its sound discretionary limits when it refuses to allow counsel to again state the basis for the continuing objection. Statements by the judge that are neither an improper comment to the jury nor prejudicial to the defendant do not constitute error. See *State v. Altman,* 107 Ariz. 93, 482 P.2d 460 (1971). Appellant also alleges that the trial court limited his cross-examination and recross examination of witnesses.

"[T]here is broad leeway in cross-examination, [but] the control of cross-examination is left to the sound discretion of the trial judge and will not be disturbed on appeal in the absence of a showing from the record of an abuse of discre-

tion." *State v. Thomas,* 110 Ariz. 106 at 109, 515 P.2d 851 at 854 (1973).

The record fails to disclose that the denial of the right to recross-examine the witness was prejudicial to the appellant's case.

"The right of confrontation and cross-examination of adverse witnesses is of fundamental importance, but it is not a right without limitation. It is well established in Arizona, as well as in many other jurisdictions, that there is no right to recross unless some new issue arises during redirect; otherwise, it is a matter of the trial court's sound discretion. [citations omitted.]

"The principal purpose of recross is to clarify any new or confusing matters brought out during redirect." *State v. Jones,* 110 Ariz. 546 at 550, 551, 521 P.2d 978 at 982, 983 (1974).

The State on redirect brought out the fact that the testifying witness, Officer Nash, not only knew a person by the name of Brian but that he knew that his last name was Randall. On direct examination the subject of Brian had been first raised. Defense counsel on cross-examination had pursued this topic. Further, at the voluntariness hearing the State had introduced into evidence a police form that had a notation on the back of it referring to Brian Randall.

"8:30–9:00 P.M. met Brian Randall with car at S. Side."

Defense counsel was therefore on notice as to Brian's last name and had had a full opportunity to cross-examine Officer Nash as to any knowledge that he may have possessed in regards to this issue. We acknowledge that the better procedure is for the court to inquire into the nature and purpose of the proposed recross examination before denying a party's request. However, under the facts of the instant case we find no abuse of discretion in denying to defense counsel the right to recross examination.

█ Appellant's second contention is that the state did not establish the element

of penetration as required for a valid rape conviction.

"Although the essence of the crime of rape is the outrage to the person and feelings of the victim, § 13–612 A.R.S., there can nevertheless be no rape without some penetration, however slight." *State v. King,* 110 Ariz. 36 at 40, 514 P. 2d 1032 at 1036 (1973).

The record discloses that the prosecutrix testified that "he [the appellant] proceeded to rape me, and just after a few entries he said, 'This ain't nothing' * * *." This testimony amply establishes evidence of penetration.

■ Appellant's third contention is that the pre-trial identification procedures were conducted in such a way that they tainted the in-court identification by the prosecutrix. Appellant urges in support of its contention that the procedure used to facilitate the prosecutrix' identification was an improperly constituted line-up consisting of appellant (a black man), two white uniformed law enforcement officers of the Chandler Police Department and a Chandler police dog. We hold that the pre-trial identification procedure was, in effect, a "one-man showup." The facts show that the prosecutrix gave a complete description of her assailant to the investigating officer and that description fit the appellant. At the time of the "showup," approximately an hour and a half after the prosecutrix was abandoned, she was told that the officers wanted her to view the man they found in her car. She viewed the appellant, the only black man in the room, who was manacled to one of the police officers and accompanied by another officer. There was never a question of which man the victim was viewing.

"[A] 'one-man showup' has been permitted by this Court as to identification near the time of the criminal act or at the scene of a crime. [citations omitted.] Such speedy identification helps insure accuracy while the picture of the culprit is fresh in a witness' mind. Furthermore such procedure . . . 'may lead to the immediate release of an inno-

cent suspect and at the same time enable the police to resume the search for the fleeing culprit while the trail is fresh.'" *State v. Gastelo,* 111 Ariz. 459 at 461, 532 P.2d 521 at 523 (1975).

If it is alleged that the pretrial confrontation procedure was suggestive it is necessary for the reviewing court to look at the totality of circumstances presented by the record to see whether the identification was reliable. *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). First we note that the pretrial confrontation in the instant case appears to be unnecessarily suggestive. The suspect was viewed in the stationhouse, manacled, and the victim was told that she was to observe a man who had been apprehended driving her car. This procedure certainly suggested that the individual to be viewed in the "one-man showup" was the prime suspect.

"[T]he vice of suggestion created by the identification in *Stovall,* supra, was the presentation to the witness of the suspect alone handcuffed to police officers. It is hard to imagine a situation more clearly conveying the suggestion to the witness that the one presented is believed guilty by the police." *United States v. Wade,* 388 U.S. 218 at 234, 87 S.Ct. 1926 at 1936, 18 L.Ed.2d 1149 at 1161 (1967).

■ However, the fact that the pre-trial confrontation was unnecessarily suggestive does not require the exclusion of the evidence of that confrontation. If it can be shown that the identification was reliable according to the factors set out in *Neil v. Biggers,* supra, the evidence is admissible.

"[T]he factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation." *Neil v. Biggers,* supra, 409 U.S.

at 199, 93 S.Ct. at 382, 34 L.Ed.2d at 411.

In the instant case the prosecutrix observed the appellant at the time of the crime for approximately two and one-half hours although much of this time was after sunset. The prosecutrix was not a "casual observer, but rather the victim of one of the most personally humiliating of all crimes." *Neil v. Biggers,* supra, 409 U.S. at 200, 93 S.Ct. at 382, 383, 34 L.Ed.2d at 412. Further, the prosecutrix' pre-showup description was detailed and apparently without discrepancy as to the appellant's actual appearance; the prosecutrix testified that she was sure that the man she identified was the man who had raped her, and the lapse of time between the criminal act and the showup, approximately an hour and a half, was reasonable.

When all these factors are considered we find the identification made at the pretrial confrontation was reliable. Therefore, as the trial court determined, the evidence concerning the pre-trial confrontation was properly before the jury.

Judgment affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and HOLOHAN, JJ., concur.