556 P.2d 312

**STATE of Arizona, Appellee,**

v.

**Daniel Arthur COZAD, Appellant.**

**No. 3486.**

Supreme Court of Arizona,
In Banc.

Sept. 29, 1976.

438

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, and Robert S. Golden, Asst. Attys. Gen., Phoenix, for appellee.

Douglas E. Davis, Scottsdale, for appellant.

HOLOHAN, Justice.

The defendant, Daniel Arthur Cozad, was tried and convicted of armed robbery and sentenced to confinement for six to eight years. This appeal followed.

The issues raised on appeal are:

1. Should the defendant have been allowed a change of judge?
2. Should the motion to suppress evidence have been granted?
3. Should the in-court identification have been suppressed?
4. Should a mistrial have been declared because of comments by the prosecutor?

The facts in the case are that the defendant and an accomplice, Dorothy Kline, robbed a convenience market. Although the defendant and accomplice wore wigs, they were identified by the victim and another eyewitness as the robbers. A search of the residence of the defendant under the authority of a search warrant produced two guns and two wigs similar to those used in the robbery.

On the day of trial counsel for the defendant gave notice of his desire to change judge pursuant to Rule 10.2, Rules of Criminal Procedure, 17 A.R.S. The request for change of judge was denied as not timely.

In substance Rule 10.2 provides that a party is entitled to a change of judge, if timely requested. The request must be made at the time required for filing the omnibus hearing form, or within 10 days after a case is assigned to a judge.

The state argues that the case had been assigned to Judge Edward Rapp, but that judge was scheduled to go on active duty with the Air Force from May 5 to May 16. The trial of the case was set for May 9. By minute entry Judge Rapp, on April 8, 1975, advised counsel for the parties of his active duty assignment, and he further advised counsel that his calendar would be covered by Judge Sandra O'Connor. The state contends that this was notice that the case had been assigned to Judge O'Connor for that period, and the defendant should have filed his request for change of judge within 10 days after notice of the assignment. Defendant argues that the case had not been assigned to Judge O'Connor until it left the division on the first day of Judge O'Connor assuming the calendar.

■ The important consideration involved in this issue is when counsel first had notice of the assignment. The time period runs from notice of the new assignment and must be within 10 days of that notice. See Comment to Rule 10.2(b). Since counsel was aware on April 8 that the case would be assigned to Judge O'Connor for trial, the period began to run from that date. The request for change of judge was made a month later which was not within the time period.

The defendant's argument to support the motion to supress evidence is based on his claim that the police obtained incriminating evidence in violation of his right against self-incrimination. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Although the defendant was given the *Miranda* warnings and elected to remain silent, the police, in filling out the booking information, asked and were told by the defendant and his codefendant what their home address was. The defendant

also complains that the key to his residence was taken from him while he was in custody.

■ Since the arrest and custody were legally executed the seizure of evidence, i. e., the key was proper. The affidavit in support of the search warrant gave the residence address of the defendant. Despite the fact that the police later used the defendant's address in obtaining the search warrant the method of obtaining the address was not for the purpose of securing evidence against the defendant. Basic identification information for booking purposes may be obtained without being considered in violation of the subject's rights. *Pulliam v. State*, 345 N.E.2d 229 (Ind.1976); *United States ex rel. Hines v. LaVallee*, 521 F.2d 1109 (2d Cir. 1975), *cert. denied*, 423 U.S. 1090, 96 S.Ct. 884, 47 L.Ed.2d 101 (1976); *State v. Vandeveer*, 23 Ariz. App. 331, 533 P.2d 91 (1975).

Defendant asserts that the in-court identification was tainted by the pretrial identification at the scene of the arrest. Prior to the beginning of the trial the defendant moved to suppress any in-court identification of him by either the victim or the bystander. A hearing out of the presence of the jury was held and the motion was denied. *State v. Dessureault*, 104 Ariz. 380, 453 P.2d 951 (1969).

■ Within an hour of the robbery the defendant and his companion were stopped based on the description given by the victim and another witness. The defendant was returned to the scene of the robbery in a police car. The victim and the other witness identified the defendant as one of the robbers. Even though such a procedure is suggestive, the evidence at the hearing and the trial support the ruling of the trial court that the identification was reliable. *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); *State v. Williams*, 113 Ariz. 14, 545 P.2d 938 (1976).

■ Defendant's final contention is that the prosecutor improperly alluded to the failure of a witness to testify. The witness was purportedly a babysitter for codefendant's children on the night of the alleged robbery and was to provide an alibi for defendant. On direct examination defendant testified concerning the use of the babysitter. On cross-examination, the following exchange occurred:

"Q. You went to—is the babysitter here today?

"A. She was.

"Q. Is she going to testify?

"A. I don't know."

No further questions regarding the babysitter were asked of the defendant. The babysitter was never called to testify.

Defendant contends that these questions were an impermissible comment on the failure to call a witness. Rule 15.4(c), Rules of Criminal Procedure, 17 A.R.S.

Both defendant and his codefendant had testified to the existence of the babysitter and her identity. This goes far beyond the matters covered in Rule 15.4. This is more than merely furnishing a list of witnesses as part of discovery. The comment to Rule 15.4(c) states in part:

"The rule is not intended to prevent a party from commenting on his opponent's failure to produce a material witness within his control."

There was no error in the comment or the ruling of the trial court in denying a mistrial.

Affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and GORDON, JJ., concur.