787 P.2d 1089

**STATE of Arizona, Appellee,**

v.

**Joseph Matthew JENEY, Appellant.**

**No. 1 CA–CR 88–1251.**

Court of Appeals of Arizona, Division 1, Department D.

Oct. 26, 1989.

Review Denied March 20, 1990.

294

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Crim. Div., and Diane M. Ramsey, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Edward F. McGee, Deputy Public Defender, Phoenix, for appellant.

## OPINION

GRANT, Chief Judge.

The defendant was convicted by a jury of possession of narcotic drugs, a class four felony, and possession of drug paraphernalia, a class six felony, both repetitive offenses. He was sentenced to concurrent, mitigated terms of imprisonment.

## FACTS

Police officers received a tip from the "silent witness" program that the defendant was selling drugs from his apartment. A few days later, the officers began a surveillance of the defendant's apartment to determine whether there was any "drug traffic" at his residence. Prior to beginning the surveillance, the officers conducted a routine computer check of the defendant and discovered that he was on probation and that there were outstanding traffic warrants for his arrest.

The surveillance began at 6:00 a.m. and lasted for approximately an hour and a half. At that point, the officers decided to arrest the defendant on the traffic warrants. When the defendant answered the door, the officer showed the defendant his identification and told him he was under arrest. The officer also saw someone sitting on the couch behind the defendant and immediately entered the house in order to secure the arrest scene for the protection of all the officers. The officer asked the

person on the couch whether anyone else was in the residence and was told someone was in the bathroom. The person in the bathroom was then brought into the living room and placed on the couch. While the officer was talking to the persons on the couch, he noticed a burned marijuana cigarette on an end table which was by the couch and behind the front door. When the defendant denied the officer's request to search the apartment, the officer contacted the defendant's probation officer. The probation officer's search revealed several controlled substances, including marijuana, weapons, ammunition, and assorted drug paraphernalia.

## ISSUES

On appeal, the defendant argues that:
1.  The search of his apartment was an invalid "pretextual" search.
2.  The trial court erred in denying his request for a voluntariness hearing and in refusing to suppress statements made by him during the booking process.

## SEARCH OF DEFENDANT'S APARTMENT

The defendant argues that he was arrested by the police officers on a minor traffic offense simply because they suspected him of more serious criminal activity and, therefore, that the arrest was "pretextual" and the evidence seen during that arrest should have been suppressed. The defendant also argues that because the officer admitted his normal duties did not include the execution of traffic warrants, the arrest of defendant on a traffic warrant was a "subterfuge" used to allow the officers to enter his apartment to search for drugs. Finally, he argues that, pursuant to *State v. Bolt*, 142 Ariz. 260, 689 P.2d 519 (1984), the search of his home incident to the arrest on a misdemeanor traffic warrant violated his right to privacy under the Arizona State Constitution.

The state argues that when an arrest warrant places a police officer in a position where he has the lawful authority to be, the inadvertent viewing of items subject to seizure allows the officer to seize them. *State v. Reasoner*, 154 Ariz. 377, 381–82, 742 P.2d 1363, 1367–68 (App.1987). The state also argues that pursuant to *State v. Main*, 159 Ariz. 96, 764 P.2d 1155 (App. 1988), the protective sweep of the defendant's residence was proper because the officers reasonably believed an immediate danger to their safety existed. Finally, the state asserts the seizure of the marijuana in this case was lawful as a search incident to arrest. *State v. Love*, 123 Ariz. 157, 160, 598 P.2d 976, 979 (1979). The state does not, however, respond to the defendant's argument that the "pretextual quality" of the police conduct in this case stripped them of the "authority of law" necessary to validate their search, given the right of privacy protected by art. 2, § 8 of the Arizona State Constitution.

A "pretextual" arrest occurs "when the police employ an arrest based on probable cause as a device to investigate or search for evidence of an unrelated offense for which probable cause is lacking." *United States v. Trigg*, 878 F.2d 1037, 1039 (7th Cir.1989). Courts in the past have deemed such arrests to be for illegitimate purposes because they were undertaken to search for evidence of other crimes, circumventing the warrant requirement of the fourth amendment. *Id.; see also United States v. Lefkowitz*, 285 U.S. 452, 52 S.Ct. 420, 76 L.Ed. 877 (1932). Determining whether an arrest was a "pretext" necessarily involved a subjective inquiry into the motive of the arresting officer. *Trigg*, 878 F.2d at 1039. However, as noted in *Trigg*, "the utility of the subjective intent approach has been questioned in recent years." *Id.* at 1040.

The United States Supreme Court, in a trilogy of cases, has stressed that fourth amendment analysis ordinarily involves "an objective assessment of the officer's actions in light of the facts and circumstances confronting him at the time." *Maryland v. Macon*, 472 U.S. 463, 471, 105 S.Ct. 2778, 2783, 86 L.Ed.2d 370, 378 (1985) (*quoting Scott v. United States*, 436 U.S. 128, 137, 98 S.Ct. 1717, 1723, 56 L.Ed.2d 168, 177 (1978)). *See also United States v. Villamonte–Marquez*, 462 U.S. 579, 584 n.

3, 103 S.Ct. 2573, 2577 n. 3, 77 L.Ed.2d 22, 28 n. 3 (1983). The federal circuits have interpreted these cases to hold that searches and seizures are to be examined under a standard of objective reasonableness without regard to the good or bad faith intention of a police officer, or to the underlying intent or motive of the individual officer involved. *See, e.g., United States v. Causey,* 834 F.2d 1179, 1184 (5th Cir.1987); *United States v. Atkinson,* 450 F.2d 835, 840 (5th Cir.1971), *cert. denied,* 406 U.S. 923, 92 S.Ct. 1790, 32 L.Ed.2d 123 (1972) (arrest on one charge, for purpose of detaining the defendant while building a case on another, does not invalidiate an otherwise initially lawful arrest); *United States v. D'Antoni,* 856 F.2d 975 (7th Cir. 1988); *United States v. Hardy,* 855 F.2d 753 (11th Cir.1988), *cert. denied,* — U.S. ——, 109 S.Ct. 1137, 103 L.Ed.2d 198 (1989); 2 W. LaFave, *Search and Seizure,* § 6.7(d) (2d ed. 1985).

Most state courts have now adopted the view that so long as the police do no more than they are objectively authorized and legally permitted to do, their motives in making an arrest are irrelevant and not subject to inquiry. *See, e.g., State v. Law,* 115 Idaho 769, 769 P.2d 1141 (Ct.App.1989), and cases cited therein; *People v. Anderson,* 169 Ill.App.3d 289, 120 Ill.Dec. 123, 523 N.E.2d 1034 (1988), *cert. denied,* — U.S. ——, 109 S.Ct. 1935, 104 L.Ed.2d 407 (1989); *State v. Jones,* 127 N.H. 515, 503 A.2d 802, 805 (1985); *Wensman v. State,* 342 N.W.2d 150 (Minn.1984); *State v. Bruzzese,* 94 N.J. 210, 463 A.2d 320 (1983), *cert. denied,* 465 U.S. 1030, 104 S.Ct. 1295, 79 L.Ed.2d 695 (1984); *Stoneham v. State,* 764 S.W.2d 13 (Tex.Ct.App. 1988); *Smith v. State,* 722 S.W.2d 205 (Tex.Ct.App.1986). *Contra Brown v. State,* 738 P.2d 1092 (Wyo.1987). For example, in *State v. Bruzzese,* the court stated:

> [T]he proper inquiry for determining the constitutionality of a search-and-seizure is whether the conduct of the law enforcement officer ... was objectively reasonable, without regard to his or her underlying motives or intent. We emphasize that the Fourth Amendment pro-

scribes unreasonable actions, not improper thoughts.

94 N.J. at 219, 463 A.2d at 325.

In *Smith v. State,* 722 S.W.2d 205, the court held that when the police had a valid arrest warrant for the defendant on a traffic offense, the use of it by officers to arrest the defendant at his trailer when they suspected that he was engaged in drug activities was not improper. The defendant's argument that the arrest constituted a pretextual arrest or search was rejected based on the court's conclusion that arrests and searches should be judged by an objective standard.

■ Based on the language in *Scott,* we agree with these courts that have adopted an objective rather than a subjective test for determining the reasonableness of an officer's search under these circumstances.

■ Our discussion, however, does not end here. We must further determine whether the arrest was objectively reasonable under the standards of the fourth amendment. In this case, the officers arrested the defendant on valid warrants which the defendant does not allege were in any way defective. Regardless of the officers' subjective intent, they had an objectively valid reason to make the arrest. There is no suggestion that the traffic warrants were held or issued for any purpose other than their execution for a traffic offense. *See Causey,* 834 F.2d at 1186 (Higginbotham, J., specially concurring). The fact that evidence of alleged drug offenses might come to the officers' attention when they effected the arrest does not make the officers' otherwise lawful conduct invalid because of an alleged subjective motivation. Furthermore, the officers had a right, at the time of arrest, to remain "literally at the [defendant's] elbow." *Washington v. Chrisman,* 455 U.S. 1, 6, 102 S.Ct. 812, 816, 70 L.Ed.2d 778, 785 (1982).

■ The defendant claims that even the objective facts reveal an invalid pretextual search. He points to the fact that arresting officers usually worked on the narcotics detail and did not normally arrest citi-

zens on traffic warrants. A similar argument was rejected by the United States Supreme Court in *Villamonte–Marquez,* 462 U.S. 579, 103 S.Ct. 2573, 77 L.Ed.2d 22 (1983). In that case, customs agents boarded a ship as allowed by statute, ostensibly to check the vessel's documents. A state policeman accompanied the agents, acting on a tip that there were narcotics aboard. On board, the agents and the officer smelled marijuana and conducted a thorough search of the vessel which revealed the presence of several tons of marijuana. The defendant argued to the Supreme Court that the document investigation was in fact a pretext to search for narcotics. The court, citing *Scott,* summarily rejected this contention. *Id.* at 584 n. 3, 103 S.Ct. at 2577 n. 3, 77 L.Ed.2d at 28 n. 3. And, although the Supreme Court has narrowly defined the discretionary exercise of police power, *see e.g., Delaware v. Prouse,* 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979), we can find no indication from that court that the discretionary execution of a valid search warrant is constitutionally significant. *See Trigg,* 878 F.2d at 1041.

■ Because the officers acted with the "authority of law," they did not violate the defendant's right to privacy under art. 2, § 8 of the Arizona State Constitution. *State v. Bolt,* 142 Ariz. 260, 689 P.2d 519, relied upon by the defendant in support of this argument, is simply inapplicable to the facts in this case. There, the officers conducted a warrantless entry of the defendant's home in the absence of exigent circumstances to "secure" the residence until a search warrant could be obtained. Here, the officers acted pursuant to a valid arrest warrant, and entered the apartment when they saw someone inside who may have presented a danger to them. After the officers viewed marijuana in the residence, they contacted the probation officer who later conducted a search of the apartment. There clearly was "reasonable cause" for a search of the residence and the probation officer's authority to conduct the search is not challenged on appeal. *See State v. Webb,* 149 Ariz. 158, 717 P.2d 462 (App. 1985). The trial court did not err in denying defendant's motion to suppress the evidence.

## DENIAL OF VOLUNTARINESS HEARING

The state proved the defendant's ownership or control of the residence in part with his statement, made during the booking process, that he resided at the searched residence. In declining to conduct a voluntariness hearing on the admissibility of his responses, the court concluded the statements were made in the course of a routine booking procedure and did not require *Miranda* warnings. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

The defendant argues on appeal that because he was in custody at the time he gave the booking information to the arresting officer, he was entitled to the warnings required by *Miranda* and the failure to give them precluded the admissibility of the statement which he made. In any event, the defendant argues that the *Miranda* violation and a voluntariness determination are separate inquiries and that a hearing should have been held before the statements were admitted. *State v. Montes,* 136 Ariz. 491, 494, 667 P.2d 191, 194 (1983). The state argues that basic identification information such as a home address given for booking purposes may be obtained without being considered in violation of the subject's rights. *State v. Cozad,* 113 Ariz. 437, 439, 556 P.2d 312, 314 (1976).

■ The routine gathering of background information on a defendant has generally been held not to constitute interrogation. *See generally, State v. Garcia,* 233 Kan. 589, 664 P.2d 1343 (1983). In *United States v. Sims,* 719 F.2d 375 (11th Cir.1983), *cert. denied,* 465 U.S. 1034, 104 S.Ct. 1304, 79 L.Ed.2d 703 (1984), a defendant argued that the court should have held a voluntariness hearing before admitting a police officer's testimony concerning the defendant's address and phone number which was furnished by the defendant during a post-arrest interview. *Id.* at 378. The information was used to establish part

of the state's case. The court held that requesting that type of booking information was not an interrogation under *Miranda,* even though the information proves later to be incriminating. Therefore, the court concluded, this type of information was not a confession and not subject to a voluntariness hearing before it could be admitted. *Id.* at 379. The court in *Sims* rejected the defendant's argument that the trial court had erred in failing to grant a voluntariness hearing on the admissibility of his statements.

The statements in this case were given during a routine booking procedure and the fact that they were later used against the defendant does not transform that routine procedure into an interrogation so as to have required a voluntariness hearing before those statements could have been admitted at trial. *See Sims; Cozad,* 113 Ariz. at 439, 556 P.2d at 314.

The conviction and sentence are affirmed.

CLABORNE, P.J., and BROOKS, J., concur.