NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JARROD ROBERT WHATLEY, *Appellant.*

No. 1 CA-CR 17-0279
FILED 5-22-2018

Appeal from the Superior Court in Maricopa County
No. CR2016-118654-001 DT
The Honorable Lauren R. Guyton, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Eric Knobloch
*Counsel for Appellee*

Saldivar & Associates, P.L.L.C., Phoenix
By Jose A. Saldivar
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge Jennifer B. Campbell and Judge James P. Beene joined.

**C R U Z**, Presiding Judge:

¶1        Jarrod Robert Whatley challenges the court's denial of his pretrial motion to suppress evidence.  For the following reasons, we affirm the court's order.

## FACTUAL AND PROCUDERAL HISTORY

¶2        In April 2016, Herb B., the owner of an auto body shop, parked a family friend's Nissan 350Z in the shop's parking lot, hoping to help the friend sell the vehicle.  Herb kept the insurance card and registration inside the vehicle, and placed a for sale sign in the window.  The keys to the vehicle were on a key rack behind the auto body shop's front desk.

¶3        On April 18, Whatley visited the shop in a white Ford F250 truck, to discuss repairs on a car he had dropped off the previous weekend.  Herb was in the back of the shop when Whatley entered.  Security footage from a nearby shop showed Whatley enter the auto body shop, leave the shop and place something in his truck, and walk by the Nissan.

¶4        After several minutes, an employee of the shop told Herb that Whatley was there.  Herb noted that Whatley was acting strange.  Later that evening, Herb noticed the keys to the Nissan were missing from the rack.  That night, security video showed a white F250 pull up to the body shop, an individual exit the truck, unlock the Nissan, and drive off with the F250 following behind.

¶5        The next morning, Herb contacted the police.  After Herb informed officers of Whatley's behavior, officers ran Whatley's information from the vehicle still in the shop and discovered the location of his residence.  When officers arrived at Whatley's residence, they discovered both the Nissan and the F250.  Officers watched Whatley's residence, observed Whatley and a female companion exit the residence, and witnessed the female drive off in the Nissan, while Whatley drove off in the F250.  Officers used the truck's license plate to identify the owner and learned it was owned by a rental company.  Officers attempted to follow the vehicles, but lost them; the next day, officers located Whatley in the same F250, stopped him, and placed him under arrest.  Incident to his arrest, and because the truck was a rental to be returned to the rental company, officers searched the truck for items of evidentiary value and discovered paperwork belonging to the Nissan.  Whatley was charged with theft of means of transportation, a Class 3 felony.

¶6   Before trial, Whatley filed a motion to suppress the Nissan paperwork found in the truck. Whatley argued the evidence was obtained unlawfully; that it was obtained pursuant to an unreasonable inventory search, there was no indication that officers reasonably believed evidence of the theft would be found in the truck, and that it would not have been inevitably discovered. After an evidentiary hearing, the court denied Whatley's motion.

¶7   After a four-day trial, the jury found Whatley guilty. Whatley timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes sections 12-120.21(A)(1), 13-4031, and -4033(A).

## DISCUSSION

¶8   We review the superior court's ruling on a motion to suppress evidence for an abuse of discretion. *State v. Spears*, 184 Ariz. 277, 284 (1996). We review only the evidence presented at the suppression hearing, and view the evidence in the light most favorable to upholding the court's ruling. *State v. Caraveo*, 222 Ariz. 228, 229 n.1 (App. 2009). We review the court's legal conclusions *de novo*. *State v. Newell*, 212 Ariz. 389, 397, ¶ 27 (2006).

¶9   The Fourth Amendment to the United States Constitution protects persons from unreasonable searches and seizures. *State v. Aguilar*, 228 Ariz. 401, 403, ¶ 13 (App. 2011). Generally, in order to be reasonable, a search or seizure must be made upon probable cause and pursuant to a legally issued warrant. *State v. Organ*, 225 Ariz. 43, 46, ¶ 11 (App. 2010). "However, because the ultimate touchstone of the Fourth Amendment is reasonableness, those requirements are subject to certain exceptions." *Id.* (Internal quotations omitted.) Two such exceptions justifying a warrantless search are searches incident to valid arrest and inventory searches. *Arizona v. Gant*, 556 U.S. 332, 343-44 (2009) (search incident to arrest in vehicle context); *State v. Schutte*, 117 Ariz. 482, 486 (App. 1977) (inventory search of vehicle).

¶10   Whatley challenges the superior court's denial of his motion to suppress, arguing the state failed to meet its burden establishing that the search was constitutional. Whatley's argument focuses on the appropriateness of an inventory search and the inevitable discovery doctrine, however, the court found the search was not justified as an inventory search: "[w]ithout identifying the procedures required for an inventory search, or that the actions taken by law enforcement were

consistent with those procedures, the search cannot be supported as a valid inventory search." Whatley does not challenge the court's actual finding: "that the obtaining of the evidence from [Whatley's] vehicle was properly obtained incident to his arrest[,]" and thus has waived that argument. *See State v. Bolton*, 182 Ariz. 290, 298 (1995) (providing that failure to argue a claim on appeal constitutes waiver of that claim). While Whatley sought to rectify his failure in his reply brief, a claim of error cannot be raised for the first time in reply. *See State v. Guytan*, 192 Ariz. 514, 520, ¶ 15 (App. 1998).

**¶11** As Whatley failed to contest the court's denial of his motion to suppress on the grounds identified by the court, we affirm the court's denial of his motion. *See State v. Perez*, 141 Ariz. 459, 464 (1984) ("We are obliged to affirm the trial court's ruling if the result was legally correct for any reason.").

**¶12** We note that, even though waived, we would affirm the court's denial of Whatley's motion on the basis the court did not err in finding the evidence was obtained incident to his arrest. Searches and seizures are to be examined under a standard of objective reasonableness, in light of the facts and circumstances confronting the officer at the time. *State v. Jeney*, 163 Ariz. 293, 295-96 (App. 1989). Given the information available to the investigating officers as discussed *supra* ¶¶ 3-5, it was reasonable to suspect evidence of the theft would be located within the truck.

**CONCLUSION**

**¶13** For the foregoing reasons, we affirm the court's order denying Whatley's motion to suppress.



AMY M. WOOD • Clerk of the Court
FILED: AA