NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA,
*Appellee*,

*v.*

CHRISTOPHER WILLIAM DINKINS,
*Appellant.*

No. 1 CA-CR 21-0044
FILED 12-23-2021

Appeal from the Superior Court in Maricopa County
No. CR2019-126584-001
The Honorable Ronee Korbin Steiner, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michelle L. Hogan
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Robert W. Doyle
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge D. Steven Williams and Judge David B. Gass joined.

---

**M O R S E**, Judge:

¶1          Christopher William Dinkins appeals his conviction and probation order for surreptitious photographing, videotaping, filming, or digitally recording.  For the following reasons, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2          In May 2019, Dinkins visited his former mother-in-law's home, where her fourteen-year-old daughter, A.G., resided.[1]  While there, Dinkins surreptitiously recorded A.G. in the shower using his phone. Dinkins later approached A.G., denied any misconduct, and asked her to look through his phone to confirm.  Although A.G. found nothing in the phone's photo gallery, she checked the phone's deleted files and located videos and images of her nude in the shower.  Before returning Dinkins's phone, A.G. used her phone to take a video of the deleted files.

¶3          When confronted by A.G.'s family members, Dinkins made inconsistent and illogical statements, suggesting that a drone accidentally entered the bathroom and captured the recordings.  At the time of Dinkins's arrest, he no longer had the phone used to make the recordings.  He did not submit to an interview with detectives.

¶4          The State charged Dinkins with one count of surreptitious photographing, videotaping, filming, or digitally recording, a class 5 felony.[2]  The jury convicted him as charged.  The superior court suspended Dinkins's sentence and imposed a three-year term of supervised probation with 90 days of deferred jail.  Dinkins timely appealed.  We have

---

[1]     We use initials to protect the victim's privacy.

[2]     The State initially charged Dinkins with six counts of surreptitious photographing, videotaping, filming, or digitally recording, all class 5 felonies, but five of the counts were dismissed short of trial.

jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

### I.    Judicial Comments on the State's Case.

¶5            Dinkins claims the superior court erred by improperly commenting on the strength of the State's case during jury selection. Because Dinkins raises this issue for the first time on appeal, "we will not reverse unless the court committed error that was both fundamental and prejudicial." *State v. Escalante*, 245 Ariz. 135, 140, ¶ 12 (2018). Generally, the court must refrain from making any comment "upon the evidence which would interfere with the jury's independent evaluation of that evidence." *State v. Smiley*, 27 Ariz. App. 314, 317 (1976). To be considered an improper comment on the evidence, however, the record must show the court expressed "an *opinion* as to what the evidence proves." *State v. Barnes*, 124 Ariz. 586, 590 (1980).

¶6            During jury selection, Dinkins explained the State's burden of proof to potential jurors. The superior court interjected, adding that "the only party that has any burden is the State . . . [the prosecutor] welcomes that burden. She believes in her case, so she welcomes that burden, but it is her burden. Nobody else has any burden to do anything, just the State." Dinkins did not object to the court's interjection. Later, in both the preliminary and final jury instructions, the court provided the standard instructions on the State's burden of proof.

¶7            While disfavored, the court's brief interjection during jury selection does not warrant reversal. The court did not express its opinion on the strength of the State's case, nor did it seek to influence or interfere with the jury's independent evaluation of the evidence. *See State v. Williams*, 113 Ariz. 14, 16 (1976) (finding no error where comments "were not calculated to influence the minds of the jury"). Even if unwise to comment on the State's confidence in its case, the court cured any error by providing the standard jury instructions on the State's burden of proof. *See State v. Newell*, 212 Ariz. 389, 403, ¶ 68 (2006) ("We presume that the jurors followed the court's instructions."). Any impropriety in the court's comment did not rise to the level of prejudicial error.

### II.    Admission of Testimony on the Defendant's Silence.

¶8            Dinkins also argues the superior court should have *sua sponte* declared a mistrial after the lead detective testified that Dinkins refused to

submit to an interview. A defendant's failure to object to the challenged testimony or request a mistrial waives the issue on appeal, absent a finding of fundamental error. *See State v. Ellison*, 213 Ariz. 116, 133, ¶ 61 (2006). We therefore review only for fundamental, prejudicial error. *See Escalante*, 245 Ariz. at 140, ¶ 12. The use of a defendant's silence as evidence of guilt violates the right against self-incrimination, *State v. VanWinkle*, 229 Ariz. 233, 236-37, ¶ 15 (2012), and testimony a defendant invoked his right to remain silent may violate due process, *Doyle v. Ohio*, 426 U.S. 610, 617-19 (1976). When a witness unexpectedly volunteers such testimony, the court has the discretion to "evaluate the situation and decide if some remedy short of mistrial will cure the error." *State v. Adamson*, 136 Ariz. 250, 262 (1983).

¶9 At trial, the lead detective testified for the State. During cross-examination, Dinkins asked the detective whether she had any personal knowledge of the case aside from reviewing the recordings captured by A.G. The detective responded that Dinkins "did not want to speak to me about the case . . . I attempted to speak with him, but he did not want to speak to me." Dinkins restated the question, asking whether all the information the detective received came from A.G. and her family members. The detective again responded, "I could have spoken to [Dinkins] but he did not want to speak to me." Dinkins did not object to the testimony but asked to approach the bench. Dinkins requested the detective be admonished not to comment on his silence. The superior court excused the jury and instructed the detective not to provide further comment on Dinkins's refusal to submit to an interview. Dinkins accepted the instruction and completed cross-examination without issue. The State never referenced Dinkins's silence, including during closing arguments, and never implied that Dinkins's silence was reason to find him guilty.

¶10 Dinkins's refusal to submit to an interview with detectives was not admitted or used as evidence of his guilt. *See State v. Mauro*, 159 Ariz. 186, 197-98 (1988) (finding no error where defendant's silence was not used to establish guilt). Law enforcement, particularly lead detectives, should refrain from volunteering such testimony. *See State v. Brewer*, 110 Ariz. 12, 15 (1973) (noting that law enforcement should "know of the damaging effect of the volunteered testimony"). Nonetheless, the detective never stated that Dinkins invoked his right to remain silent, or requested an attorney, and only stated that he declined an interview without indicating whether it was pre- or post-arrest. *See State v. Jones*, 197 Ariz. 290, 305, ¶ 34 (2000) (finding no error where challenged testimony "made relatively vague references" to inadmissible evidence); *State v. Lopez*, 230

Ariz. 15, 19-20, ¶¶ 13-17 (App. 2012) (distinguishing pre- and post-arrest silence).

¶11      The State did not elicit, repeat, or rely upon the challenged testimony at trial. *See Ellison*, 213 Ariz. at 133, ¶ 62 (finding no error where problematic testimony was brief, the State did not rely on it, and jurors were unlikely to use it against the defendant). The State's case focused on A.G.'s eyewitness testimony, the recordings found on Dinkins's phone, and the incriminating statements Dinkins made to non-law enforcement witnesses, all of which established strong evidence of guilt. This record does not support Dinkins's contention that the detective's passing reference to his silence had any impact on the jury's decision. Any error from the detective's brief and vague testimony and the superior court's failure to *sua sponte* declare a mistrial did not constitute fundamental, prejudicial error.

## CONCLUSION

¶12      We affirm Dinkins's conviction and probation order.



AMY M. WOOD • Clerk of the Court
FILED:   AA