IN THE
# ARIZONA COURT OF APPEALS
DIVISION TWO

_____

THORNE MARSHALL HARNAGE,
*Petitioner*,

*v.*

HON. CHRISTOPHER BROWNING, JUDGE OF THE SUPERIOR COURT OF THE STATE
OF ARIZONA, IN AND FOR THE COUNTY OF PIMA,
*Respondent*,

*and*

THE STATE OF ARIZONA,
*Real Party in Interest*.

No. 2 CA-SA 2023-0084
Filed November 30, 2023

_____

Special Action Proceeding
Pima County Cause No. CR20174389

**JURISDICTION ACCEPTED; RELIEF GRANTED**

_____

COUNSEL

Megan Page, Pima County Public Defender
By Tatiana Struthers, Assistant Public Defender, Tucson
*Counsel for Petitioner*

Laura Conover, Pima County Attorney
By Victoria Otto, Deputy County Attorney, Tucson
*Counsel for Real Party in Interest*

**OPINION**

Judge O'Neil authored the opinion of the Court, in which Vice Chief Judge Staring and Judge Sklar concurred.

O' N E I L, Judge:

¶1        Thorne Harnage seeks special-action review of an order denying his notice for a peremptory change of judge filed pursuant to Rule 10.2, Ariz. R. Crim. P. We accept special-action jurisdiction and grant relief.

¶2        Harnage was indicted in 2018 on three counts of sexual conduct with a minor. The case was first assigned to another judge and then reassigned to the respondent judge in 2023. Not long after his assignment to the case, the respondent noted he would have the trial set before "another division" due to a "calendaring conflict." The respondent later set a trial date before a different division.

¶3        At the conclusion of the trial, the jury acquitted Harnage of one count but failed to reach a verdict as to the two other counts. That same day, the judge who presided over the trial set a status conference before the respondent. The trial judge informed counsel she had spoken with the respondent, and he had "said if there was a hung jury, that he would take the case back. And it was his case."

¶4        Two days later, Harnage filed a notice of change of judge under Rule 10.2. The respondent denied the notice as untimely, stating that the ten-day deadline in Rule 10.2(c)(1)(C) had expired ten days after his initial assignment to the case. The respondent stated that although another judge had "covered the trial," the case had not been "reassigned" to that judge "nor reassigned back to" him. This petition for special action followed.

¶5        Because Harnage has no remedy by appeal, we accept special-action jurisdiction. *See State v. Ingram*, 239 Ariz. 228, ¶ 16 (App. 2016) (noting that "a challenge to the denial of a notice of peremptory change of judge filed pursuant to Rule 10.2 must be brought by special action"); *see also* Ariz. R. P. Spec. Act. 1(a); A.R.S. § 12-120.21(A)(4). We review de novo the respondent's interpretation of the rule. *State v. Manuel*, 229 Ariz. 1, ¶ 5 (2011).

**¶6** Rule 10.2(a)(1) entitles "[e]ach side in a criminal case . . . to one change of judge as a matter of right." The notice must be filed "no later than 10 days after" arraignment, the filing of an appellate mandate, or "in all other cases, actual notice to the requesting party of the assignment of the case to a judge." Ariz. R. Crim. P. 10.2(c)(1). "A party loses the right to a change of judge . . . if the party participates before that judge in any contested matter in the case, a proceeding under Rule 17, or the beginning of trial." Ariz. R. Crim. P. 10.2(e).

**¶7** Harnage asserts his notice was timely because it was filed within ten days of the trial judge reassigning the case back to the respondent. The respondent concluded, however, that the case was never assigned to the trial judge and the time for Harnage to seek a peremptory change of judge had long passed. Similarly, the state asserts that when "another judge handle[s] a matter" to provide "temporary assistance," it does not trigger Rule 10.2(c)(1)(C) because it does not "reassign[] the case as a whole."

**¶8** The state cites no authority to support its interpretation, and we have found none. Indeed, were we to adopt the state's position, it would mean Harnage would have had no opportunity to seek a change of judge as to the judge who actually heard the trial because that judge was never assigned to the case. That result is contrary to established law. For the purpose of a notice of change of judge under Rule 10.2(c)(1)(C), a case is assigned to a judge who is scheduled to preside over trial or to hear and decide a specific legal issue. *See Bolding v. Hantman*, 214 Ariz. 96, ¶ 10 (App. 2006) ("assignment" occurs upon "a specific assignment . . . to hear and decide a specific legal issue"); *State v. Cozad*, 113 Ariz. 437, 438 (1976) (case is assigned to judge who is scheduled to preside over trial). The superior court may adopt internal procedures to allocate caseloads among judges, but these do not determine whether an assignment has occurred under the rule. Here, the case was assigned to the respondent, then to the trial judge, and then again to the respondent. Having been filed within ten days of that most recent assignment, Harnage's notice was timely. *See* Ariz. R. Crim. P. 10.2(c)(1)(C).

**¶9** The state further asserts that Harnage waived his right to a change of judge because he did not file a Rule 10.2 notice as to the respondent judge within ten days of his *initial* assignment to the case. We disagree.

**¶10** Rule 10.2(c)(1) permits a party to file a notice of change of judge within ten days after any one of several triggering events, including

the "assignment of the case to a judge." The respondent's second assignment began when the trial judge sent the case back to him after trial, and Harnage timely filed his notice within ten days after that assignment. Citing *Hill v. Hall*, 194 Ariz. 255 (App. 1999), the state argues that Harnage forfeited his right to a change of judge by allowing the ten-day period to run as to the respondent during his first assignment. In *Hill*, we stated that a "party forfeits his right to a peremptory challenge" if that "party fails to exercise his Rule 10.2 peremptory right to a change of judge within the ten day period." *Id.* ¶ 6. But *Hill* did not address whether, under Rule 10.2, the right to a change of judge is triggered only by the first time a case is assigned to a judge. The rule contains no such limitation.

¶11 Nor does the rule suggest that the failure to file a timely notice as to a particular judge forever waives the right as to that judge if a triggering event under Rule 10.2(c)(1) later occurs. The waiver provision of Rule 10.2(e) only identifies a single waiver condition: a party's participation in certain proceedings before "that judge," that is, the judge subject to the notice. The timeliness requirements of Rule 10.2(c), in contrast, do not refer to a specific judge but are triggered by arraignment, appellate mandate, or assignment.

¶12 Indeed, the Rules of Criminal Procedure necessarily imply that a new triggering event could allow a peremptory change of judge after an earlier ten-day period has expired. For example, if a case is returned to the trial court by appellate mandate, a party may seek a change of judge under Rule 10.2(c)(1)(C). The rule permits that change even if the case is returned to the same trial judge—a party may "exercise a change of judge as a matter of right" and "no event connected with the first trial constitutes a waiver." Ariz. R. Crim. P. 10.2(f). Rule 17.4(g), Ariz. R. Crim. P., similarly allows a defendant to file a notice under Rule 10.2 if the defendant "withdraws a plea after a presentence report is submitted."

¶13 Because Harnage had not previously exercised or otherwise waived his right to a peremptory change of judge under Rule 10.2, and the notice was timely filed after the latest assignment to the respondent, the respondent erred by denying his notice. We therefore vacate the respondent's order denying Harnage's notice of change of judge and direct the respondent to transfer the case to the presiding judge for reassignment.