892 P.2d 207

**STATE of Arizona, Appellant,**

v.

**John Kevin KOSMAN, Appellee.**

No. 1 CA–CR 94–0019.

Court of Appeals of Arizona, Division 1, Department B.

March 14, 1995.

Richard M. Romley, Maricopa County Atty. by Arthur Hazelton, Deputy County Atty., Phoenix, for appellant.

Philip A. Seplow, Phoenix, for appellee.

## OPINION

KLEINSCHMIDT, Presiding Judge.

The Defendant was detained by police when he and a friend, for whom the police had outstanding warrants, left the Defendant's apartment. While several officers were making the arrest, other officers approached the door of the apartment with the avowed intent of entering it to make a protective sweep to prevent anyone who might have remained inside from interfering with

the arrest. One officer testified that as he neared the door of the apartment he smelled burning marijuana. The officers entered and found no one else inside. They did see in plain view, however, what they believed to be marijuana and methamphetamine. The officers exited the apartment, secured it, and obtained a search warrant before seizing the drugs.

The trial judge suppressed the illegal drugs, ruling that it was unreasonable for the police to conduct a protective sweep of the Defendant's apartment. We agree with the State, however, that if the officer actually smelled or believed that he smelled marijuana before he entered the apartment, the entry and search were legal and the evidence should not have been suppressed. We remand for a resolution of the contested question whether the officer smelled or believed that he smelled burning marijuana.

The facts, in more detail, are as follows. In January 1993, the Mesa Police received information that an individual named Christopher J. Colelli, for whom the police had outstanding warrants, might be staying at an apartment at 950 East Southern in Mesa. This was the Defendant's residence. A crime apprehension team was dispatched to the apartment to arrest Colelli. The team had been advised that Colelli "wasn't going to be taken easy, that he had a gun, which was used in [an] aggravated assault, and that he was going to fight." The officers saw Colelli enter the apartment, and positioned themselves so that they could arrest him when he left it.

Approximately ten minutes after Colelli entered the apartment, he came out the front door with the Defendant. When Colelli and the Defendant reached the area of the parking lot, approximately sixty-four feet from the Defendant's door step, the officers moved in and placed both Colelli and the Defendant on the ground to make the arrest. Simultaneously, two officers approached the apartment to secure the area. One of the officers was concerned because the front door of the apartment had been left open, and she wanted to be sure that there was no threat of other people coming from the apartment to interfere with the arrest. The other officer approached a sliding glass door of the apartment which faced the parking lot. He was also concerned that others might still be in the apartment and that they might interfere with the arrest from behind the sliding glass door. As the officers approached the apartment, they intended to enter it to conduct a "protective sweep." The officers had no specific information that anyone remained in the apartment.

One of the officers testified that as they approached the apartment, but prior to entering, he smelled a strong odor of what he believed to be burning marijuana. He called out, ordering anyone in the apartment to come out, and when there was no response, he and the other officer entered the apartment. The officer who said he smelled the marijuana was never asked, and never expressly said that that was one of the reasons he entered the apartment. The record implicitly suggests, and defense counsel appears to have accepted, however, that if the officer smelled marijuana, that was in fact an additional reason for his entry. The other officer testified that she did not smell any burning marijuana when she was outside the apartment, but noticed the smell after she entered.

While conducting the search of the apartment, the officers found methamphetamine and marijuana in plain view on the kitchen counter. The officers did not find anything burning in the apartment, but found the ends of some marijuana cigarettes that had been burned in addition to the drugs found on the counter. After obtaining a search warrant and searching the apartment more thoroughly, the illegal drugs were seized. It is unclear from the record whether drugs, other than those the officers originally saw on the counter, were discovered and seized during the search conducted pursuant to the warrant. The Defendant was arrested and subsequently charged with possession of marijuana for sale and possession or use of dangerous drugs.

Before trial, the Defendant moved to suppress the evidence of the drugs found in his apartment. He argued below, as he does here, that the police violated the Fourth Amendment when they entered his apart-

ment without a warrant. He argues that the police had no probable cause to walk up to the door of the apartment after he and Colelli were secured and that no exigent circumstances existed which would excuse the need for a warrant.

The State counters that the police did not need probable cause to approach the apartment because the area outside of the apartment was a public place where the police had a right to be with no reason at all. The State further asserts that the police had two separate justifications for entering the apartment without a warrant. The first justification was to conduct a protective sweep of the apartment for the officers' safety. The second, based on the smell of burning marijuana, was to prevent the destruction of contraband.

After hearing oral argument, the trial judge granted the motion to suppress. The basis of her ruling was that the police had no justification for conducting a protective sweep of the Defendant's apartment because the arrest was taking place outside, sixty-four feet away from the apartment. She further reasoned that because the police had no probable cause for going to the Defendant's door, they could not rely on the smell of burning marijuana as a justification for entering the apartment. She found, as the officers had conceded, that "[t]heir intention when they got to the door was to go inside.... [w]hether they smelled roses, violets, or marijuana." Consequently, the trial judge never made a factual finding concerning the uncorroborated and contested testimony that the one officer smelled marijuana prior to entering the apartment. This is important because if the officer smelled or believed he smelled burning marijuana prior to entering the apartment, the officers were justified in entering without a warrant even if they were not justified in entering to conduct a protective sweep.

■ The law is clear that for seizure of evidence to be admissible under the plain view, or in this case the plain smell, exception to the warrant requirement, the officer must not have "violate[d] the Fourth Amendment in arriving at the place from which the evidence could be plainly viewed," *Horton v.*

*California,* 496 U.S. 128, 136, 110 S.Ct. 2301, 2308, 110 L.Ed.2d 112 (1990), "the discovery of the object must be inadvertent; and its evidentiary value must be immediately apparent to the officer." *State v. Kelly,* 130 Ariz. 375, 378, 636 P.2d 153, 156 (App.1981) (citations omitted). The trial judge ruled that the police violated the Fourth Amendment because they approached the apartment with the intention of entering it to conduct an illegal protective sweep. In other words, she reasoned that because the police would have entered the apartment whether or not an officer had smelled burning marijuana, they could not rely on the smell as a justification for the entry.

■ This ruling, however, does not sufficiently credit two related concepts. The first concept is that the Defendant had no reasonable expectation of privacy in the area outside his door because the area is a public place where anyone, including the police, had a right to be. *State v. Platt,* 130 Ariz. 570, 573, 637 P.2d 1073, 1076 (App.1981) (finding no reasonable expectation of privacy in backyard that was open to physical access and view by neighbors). Accordingly, at the time the officer said he smelled the marijuana, he was not in violation of the Fourth Amendment.

■ The second concept is that the *reason* the police were at the door of the Defendant's apartment is irrelevant. *State v. Jeney,* 163 Ariz. 293, 296, 787 P.2d 1089, 1092 (App.1989). In *Jeney,* we recognized that "searches and seizures are to be examined under a standard of objective reasonableness without regard to the good or bad faith intention of a police officer, or to the underlying intent or motive of the individual officer involved." *Id. See United States v. Causey,* 834 F.2d 1179, 1184 (5th Cir.1987); *United States v. Atkinson,* 450 F.2d 835, 840 (5th Cir.1971), *cert. denied,* 406 U.S. 923, 92 S.Ct. 1790, 32 L.Ed.2d 123 (1972); *United States v. D'Antoni,* 856 F.2d 975 (7th Cir.1988); *United States v. Hardy,* 855 F.2d 753 (11th Cir. 1988), *cert. denied,* 489 U.S. 1019, 109 S.Ct. 1137, 103 L.Ed.2d 198 (1989); 2 W. LaFave, *Search and Seizure,* § 6.7(d) (2d ed. 1985). So long as the police do no more than they

are objectively authorized and legally permitted to do, their motives are irrelevant. *E.g., Jeney,* 163 Ariz. at 296, 787 P.2d at 1092. Whether the officers went to the Defendant's door to legally search the area immediately outside the door, to illegally search the inside of the apartment, or for no reason at all, does not matter under the objective standard set forth in *Jeney.* Thus, if the smell of marijuana provided the officer with probable cause to search the apartment and an exigent circumstance to enter the apartment without a warrant, the search was legal.

We turn to the question whether the smell of burning marijuana gave the police probable cause to enter the apartment without a warrant. In *State v. Decker,* 119 Ariz. 195, 197–98, 580 P.2d 333, 335–36 (1978), the Arizona Supreme Court held that the smell of marijuana emanating from a residence could provide officers with probable cause and was an exigent circumstance justifying entry into the residence without a warrant. In *Decker,* the police knew that someone was in a hotel room from which the smell of marijuana was emanating because they heard a person moving around inside the room. The court indicated, however, that the odor of burned marijuana alone is sufficient to provide probable cause to believe that someone is smoking marijuana. *Id.* at 198, 580 P.2d at 336. *See also Vaillancourt v. Superior Court,* 273 Cal. App.2d 791, 797, 78 Cal.Rptr. 615 (1969) (odor of burning marijuana, without more, indicates presence of persons smoking marijuana and creates probable cause).

■ Furthermore, in determining whether the smell of marijuana provided the officers with an exigent circumstance to enter the apartment without a warrant, the court in *Decker* stated:

> After the officer knocked and was refused admittance, there existed a strong probability of imminent destruction of the marijuana. *The smell in this case alone indicated the contraband was being destroyed.* The delay necessary to obtain a warrant could mean that the marijuana would have been completely destroyed.

119 Ariz. at 198, 580 P.2d at 336 (emphasis added) (citation omitted). Thus, if the officer smelled or believed he smelled burning mari-

juana emanating from the Defendant's residence, he had a reason to believe that someone was in the apartment smoking marijuana. When no one came to the door when he called out, he had reason to enter to prevent the destruction of evidence. *Id. See also Vaillancourt,* 273 Cal.App.2d at 797, 78 Cal. Rptr. 615 (recognizing that the smell of burning marijuana indicates that the evidence is disappearing).

In the trial court, the Defendant attacked the pivotal evidence, arguing that the officer's testimony that he smelled burning marijuana was false. He pointed out that the other officer who approached the apartment did not smell marijuana. He makes the same argument in his brief in responding to the State's contention that the officers were justified in entering the apartment to prevent the destruction of evidence. Because the trial judge erroneously ruled that the police were not justified in going to the door of the apartment, she had no occasion to decide—and did not decide—this disputed question of fact. Accordingly, this case must be remanded for such a determination.

■ The State also argues that the trial judge erred in deciding that the officers were not justified in entering the apartment to conduct a protective sweep. Arizona law recognizes, as an exception to the warrant requirement of the Fourth Amendment, that the police may, under certain circumstances, make a warrantless protective sweep of a residence if they are lawfully inside the residence. *State v. Main,* 159 Ariz. 96, 99, 764 P.2d 1155, 1158 (App.1988). A protective sweep is appropriate only when the police reasonably perceive an immediate danger to their safety. *Id.* While there are no Arizona cases discussing the propriety of a protective sweep of a residence when an arrest is taking place outside of the residence, a number of federal cases deal with this precise issue.

> The federal cases have generally held that:
> Arresting officers have a right to conduct a quick and cursory check of the arrestee's lodging immediately subsequent to arrest—even if the arrest is near the door but outside the lodging—where they have

reasonable grounds to believe that there are other persons present inside who might present a security risk.

*United States v. Hoyos,* 892 F.2d 1387, 1397 (9th Cir.1989), *cert. denied,* 498 U.S. 825, 111 S.Ct. 80, 112 L.Ed.2d 52 (1990); *United States v. Jackson,* 700 F.2d 181, 189 (5th Cir.1983), *cert. denied,* 464 U.S. 842, 104 S.Ct. 139, 78 L.Ed.2d 132 (1983); *United States v. Sheikh,* 654 F.2d 1057, 1071 (5th Cir.1981), *cert. denied,* 455 U.S. 991, 102 S.Ct. 1617, 71 L.Ed.2d 852 (1982), *and overruled on other grounds by, United States v. Zuniga–Salinas,* 952 F.2d 876 (5th Cir.1992). In *Hoyos,* the court reasoned that whether the arrest occurs inside or outside the residence is unimportant *if the exigencies supporting the protective sweep are present.* "A bullet fired at an arresting officer standing outside a window is as deadly as one that is projected from one room to another." *Hoyos,* 892 F.2d at 1397. We agree with the federal courts that the fact that an arrest occurs outside a residence does not invalidate an otherwise lawful protective sweep of the inside of the residence.

 The problem for the State in this case is, however, that if the trial judge does not believe the officer smelled burning marijuana when he was outside the apartment, the police did not have reasonable ground to believe that there were other persons in the apartment who might pose a threat to the officers. As the United States Court of Appeals for the Fifth Circuit stated in *Kirkpatrick v. Butler,* 870 F.2d 276, 282 (5th Cir. 1989), *cert. denied,* 493 U.S. 1051, 110 S.Ct. 854, 107 L.Ed.2d 848 (1990):

> Despite the police's belief in the likelihood that a confederate of an arrested individual may almost always be in the arrestee's apartment, the police must articulate reasonable grounds for believing that the suspected accomplice is indeed there. An unsubstantiated belief that confederates may gather in a single apartment does not suffice to permit the police to search an apartment that they would otherwise lack a valid basis to search.

(footnote omitted). Here, both officers testified that they had no information, other than the smell of burning marijuana, that there was anyone in the apartment after the Defendant and Colelli walked outside. Nor did they have any information that Colelli had associates who might defend him if the police attempted to arrest him. Consequently, if the officer did not smell marijuana, the search could not be supported on this theory.

Accordingly, we remand the case to the trial court for a specific finding of whether or not the officer actually smelled or believed he smelled burning marijuana. If the judge finds that he did, the motion to suppress should be denied. If the judge finds that he did not, the motion should be granted.

VOSS, J., and BROOKS, Retired Judge,[1] concur.

---

1. The Honorable J. Thomas Brooks, Retired, was authorized to participate in this appeal by the Chief Justice of the Arizona Supreme Court pursuant to Ariz. Const. art. VI, § 20 and Ariz.Rev. Stat.Ann. § 38–813.