236 P.3d 1205

**STATE of Arizona, Appellee,**

v.

**Laquinn Anthony FISHER, Appellant.**

No. 1 CA–CR 08–0857.

Court of Appeals of Arizona, Division 1, Department D.

Aug. 10, 2010.

Terry Goddard, Attorney General By Kent E. Cattani, Chief Counsel, Criminal Appeals/Capital Litigation Section and Joseph T. Maziarz, Assistant Attorney General, Phoenix, Attorneys for Appellee.

James J. Haas, Maricopa County Public Defender By Peg Green, Deputy Public Defender, Phoenix, Attorneys for Appellant.

THOMPSON, Judge.

¶ 1 Laquinn Anthony Fisher (defendant) appeals from his conviction and sentence on one count of possession of marijuana for sale. Because the police entry into defendant's apartment was lawful, the evidence used against him was admissible. We affirm.

### FACTUAL AND PROCEDURAL HISTORY

¶ 2 Police responded to a call about an aggravated assault. Upon arrival, police followed a trail of blood to the apartment of the victim, who had been pistol-whipped. The victim and his roommate provided a detailed description of the perpetrator. The description included the physical attributes of the suspect, a nickname, "Taz," and a description of the car driven from the scene of the assault. The victim told police where Taz lived. Another officer saw a car matching the vehicle description outside an apartment in the area indicated by the victim as Taz's domicile, so officers proceeded to that apartment.

¶ 3 When officers arrived at the apartment they took a defensive position, announced themselves, and knocked. A man opened the door, and identified himself as Taz.[1] He and two other individuals exited the residence. All three men were cooperative. Because the gun used in the aggravated assault was missing and police were unsure whether the apartment harbored additional people, police performed a protective sweep of the apartment. During the sweep, police found bags of marijuana on the floor and on closet shelves in plain view. Police later received consent from defendant's roommate to re-enter the residence and retrieve the marijuana and paraphernalia. Police arrested defendant.

¶ 4 The state charged defendant with two counts of aggravated assault, class 3 dangerous felonies, one count of misconduct involving weapons, a class 4 felony, and one count of possession of marijuana for sale, a class 2 felony. The state moved to dismiss the aggravated assault and misconduct charges prior to trial. After a jury trial, defendant was found guilty of the possession of marijuana for sale charge. He admitted two prior felony convictions. The trial court sentenced defendant to eleven years in prison. He timely appealed.

### DISCUSSION

■ ¶ 5 Defendant raises one issue on appeal. He claims that the protective sweep was improper because it was not based on specific facts that the area presented any

---

1. There is some discrepancy as to whether the defendant confirmed the name "TA" or "Taz." However, this is not an issue upon appeal.

danger to the officers or others and was not pursuant to defendant's arrest. Thus, he argues, all resulting evidence from the sweep, including the consent to search and the items seized pursuant to it, should have been suppressed.

¶ 6 In reviewing a denial of a motion to suppress, we review for clear abuse of discretion, viewing the facts in the light most favorable to sustaining the trial court's ruling. *State v. Box,* 205 Ariz. 492, 493, ¶ 2, 73 P.3d 623, 624 (App.2003) (citation omitted). We consider only the evidence presented at the suppression hearing. *See id.*

¶ 7 A protective sweep is lawful when it is properly limited in scope and officers possess a reasonable belief based on specific and articulable facts that the area to be searched may harbor an individual posing a danger to the police. *Maryland v. Buie,* 494 U.S. 325, 334–36, 110 S.Ct. 1093, 108 L.Ed.2d 276 (1990). This suspicion need not rise to the level of probable cause. *Id.* A protective sweep inside a residence is justified even when the defendant is secured outside because of the risk presented by a potentially armed suspect inside to officers outside. *United States v. Hoyos,* 892 F.2d 1387, 1397 (9th Cir.1989), *overruled on other grounds by United States v. Ruiz,* 257 F.3d 1030, 1032 (9th Cir.2001); *State v. Kosman,* 181 Ariz. 487, 492, 892 P.2d 207, 212 (App. 1995). However, police must perceive an immediate danger to their safety, and we have said that "[a]n unsubstantiated belief that confederates may gather in a single apartment" is insufficient to justify an otherwise unlawful search. *Kosman,* 181 Ariz. at 491–92, 892 P.2d at 211–12. Because the

weapon used in the assault in this case was unaccounted for and the police articulated sufficient reasons for performing the sweep, we conclude that the trial court did not err in determining that the protective sweep was supported by reasonable suspicion.

¶ 8 Defendant argues that the trial court erred in refusing to suppress the evidence because he was not under arrest at the time of the search,[2] and police had no specific information that the apartment harbored anyone who might pose danger to officers. Even though a suspect is not arrested, police may perform a limited, cursory search. *United States v. Martins,* 413 F.3d 139, 150 (1st Cir.2005); *United States v. Gould,* 364 F.3d 578, 586 (5th Cir.2004); *United States v. Garcia,* 997 F.2d 1273, 1282 (9th Cir.1993) (pending arrest of detained suspect, "officers needed to find out for their own safety whether other people were in the apartment."). Danger may arise before an officer has adequate information to justify arrest. *Terry v. Ohio,* 392 U.S. 1, 26–27, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The protective sweep doctrine allows officers to conduct a lawful protective sweep upon reasonable suspicion that a home may be harboring potentially dangerous persons. *Buie,* 494 U.S. at 336–37, 110 S.Ct. 1093.

¶ 9 Defendant relies on *Kosman,* arguing that in that case a protective sweep was unlawful unless police had information that there was an accomplice in the house after the defendant and another man were detained sixty-four feet away from the house in the parking lot. 181 Ariz. at 489, 492, 892 P.2d at 209, 212.[3] *Kosman* is distinguishable

---

**2.** The parties dispute the point at which defendant was under arrest. Based on the trial transcript and statements made by defendant's trial attorney at the evidentiary hearing, the state's proposition that arrest took place shortly after the protective sweep is supported. At the time the sweep was done, a full custodial arrest having not been effected, defendant might have been able to re-enter the home and then could potentially have had access to the missing gun. *See Michigan v. Long,* 463 U.S. 1032, 1051–52, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983).

**3.** Defendant also relies on *Buie* and an assertion that a protective sweep is incident to arrest. "[A] search incident to . . . arrest requires no

additional justification." *United States v. Robinson,* 414 U.S. 218, 235, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973). The protective sweep requires that officers articulate a reasonable justification for thinking that there might be additional people posing a danger to the officers. *Buie,* 494 U.S. at 334, 110 S.Ct. 1093. The court in *Buie* focused on a search incident to arrest because the case involved an arrest. *Buie* did not indicate, however, "that circumstances other than arrest which expose police officers to a comparable degree of danger could not also justify a similar protective response." *Gould,* 364 F.3d at 581. As mentioned above, the majority of courts recognize the propriety of a protective sweep absent arrest or prior to arrest. *Contra United States v.*

from this case. There, police officers went to a parking lot outside Kosman's apartment to arrest a man named Colelli, for whom there were outstanding warrants. 181 Ariz. at 489, 892 P.2d at 209. Kosman and Colelli exited the apartment and both were secured by officers in the parking lot, well away from the apartment, and Colelli was arrested on the warrants. *Id.* While these two men were thus secured, two officers approached the apartment, concerned that there could be other persons inside who might interfere with the arrest. *Id.* After receiving no answer to their call inside, officers entered the apartment and found illegal drugs. *Id.* Kosman was arrested and charged with drug offenses, and prior to trial moved to suppress the evidence seized from the apartment. *Id.* The trial court granted the motion. *Id.* at 490, 892 P.2d at 210. During the suppression proceedings, one of the officers contended that he smelled burning marijuana when they reached the door of the apartment; Kosman contested this assertion but the trial court did not rule on this disputed fact issue.[4] *Id.* On appeal, we held that, unless the trial court found on remand that the officer had smelled burning marijuana, there were no reasonable grounds to believe another person could be present.[5] The protective sweep could not be sustained unless the officer had

smelled burning marijuana, and there was otherwise no separate crime to interdict. *Id.* at 492, 892 P.2d at 212. Kosman and Colelli were secured well away from the apartment, and until they had increased their exposure to risk by approaching the residence[6] officers had no reasonable grounds to justify entry and they sought no item of evidence material to an ongoing investigation of any recently-committed crime. *Id.*[7]

¶ 10 Here, police were at the door when defendant emerged, and the gun used in the just-committed aggravated assault was missing. Officers testified that they took a defensive position upon arrival at the door of defendant's apartment. Although defendant matched the description of the assailant and those who emerged from the apartment were compliant, police could not be certain that there were no additional persons inside the apartment with the still unaccounted-for gun. There was no clear error in the trial court's finding that the officers' protective sweep was reasonable. This finding is supported by the record showing that the police officers had reasonable and articulable justification for believing that the apartment could harbor an individual who might pose harm to the officers on the scene.

---

*Freeman,* 479 F.3d 743, 750 (10th Cir.2007) (pursuant to *Buie,* protective sweeps permissible only incident to arrest); cf. *United States v. Reid,* 226 F.3d 1020, 1027–28 (9th Cir.2000) (pursuant to *Buie* protective sweep not permissible if not incident to arrest and police lack exigent circumstances justifying the sweep).

4. The trial court concluded that the issue was irrelevant because the officers intended to enter the apartment " '[w]hether they smelled roses, violets, or marijuana.' " 181 Ariz. at 490, 892 P.2d at 210.

5. In *Kosman,* "both officers testified that they had no information, other than the smell of burning marijuana, that there was anyone in the apartment after [Kosman] and Colelli walked outside." 181 Ariz. at 492, 892 P.2d at 212.

6. The Ninth Circuit Court of Appeals has noted that the danger to an officer engaged with a suspect at the latter's doorway is much heightened compared to a contact occurring away from the residence. *United States v. Castillo,* 866 F.2d 1071, 1081 (9th Cir.1988).

7. We reversed the trial court's order suppressing the evidence against Kosman on the basis that, if

the officer's testimony that he had smelled the odor of burning marijuana coming from the apartment was deemed credible, exigencies of halting an ongoing crime and preventing the destruction of evidence allowed the officers' warrantless entry. 181 Ariz. at 491, 892 P.2d at 211. We discussed the contention that the entry was a permissible protective sweep because the state had made such a contention, but the discussion was superfluous to our holding, and formed only a subsidiary aspect of our discussion. *Id.* at 491–92, 892 P.2d at 211–12.

We did not, in *Kosman,* provide definitive guidance as to what circumstances sufficiently warrant an officer in apprehending risk from a potentially present confederate of the detained subjects such as to authorize a cursory sweep of a residence. Other cases, however, have allowed sweeps when "officers did not know if any one else was in the apartment at the time of entry," *Castillo,* 866 F.2d at 1081, and when officers "could not determine with any certainty whether other occupants ... were present." *United States v. Wiga,* 662 F.2d 1325, 1331 (9th Cir. 1981).

## CONCLUSION

¶ 11 We conclude that this case presented the potentially imminent prospect of the presence of another person which, together with the fact that the gun just used in a violent offense likely committed by an apartment resident was missing, made investigating officers reasonably concerned as to a risk to their safety that justified the cursory intrusion they undertook. As one of the officers testified, because of the "element of risk" presented by the then-fluid investigatory situation, officers not knowing who all might be present nor the whereabouts of the gun, they needed "to make sure who's all there … so we can conduct our investigation in a safe environment." The trial court specifically found that the sweep was appropriately "limited in scope," such that the officers looked for other persons, touching nothing, and left the premises after being assured that others were not present. Defendant's conviction and sentence are affirmed.

CONCURRING: JOHN C. GEMMILL, Presiding Judge and PATRICK IRVINE, Judge.