**UNITED STATES of America,**
**Appellee,**

v.

**Elmer Curtis TURBYFILL, Appellant.**

No. 74–1749.

United States Court of Appeals,
Eighth Circuit.

Submitted April 15, 1975.
Decided Oct. 29, 1975.

**58**

Lewis E. Pierce, Kansas City, Mo., for appellant.

J. Whitfield Moody and Anthony P. Nugent, Jr., Asst. U. S. Attys., Kansas City, Mo., for appellee.

Before VAN OOSTERHOUT and JONES,* Senior Circuit Judges, and HENLEY, Circuit Judge.

JONES, Senior Circuit Judge.

The appellant, Elmer C. Turbyfill, was the sole tenant of a residence in Independence, Missouri. On September 6, 1972, Sergeant Al Hamon and Detective Bill Pollard, of the Independence Police Department, went to the residence at the request of United States Secret Service officers to question Turbyfill about a counterfeiting operation. The officers rang the doorbell and Billy Joe Church answered. The officers identified themselves, and Church opened the inside door a few feet and stepped back. The officers opened the unlocked screen door and entered the house. They smelled a strong odor of marihuana and saw an open shoe box containing marihuana on a table. As Officer Pollard was asking Church about Turbyfill's whereabouts, a noise came from the basement. Officer Hamon went to investigate. In the basement he discovered Turbyfill and found in plain view a large quantity of marihuana in eleven plastic bags and two pillow cases. There was also a quantity of marihuana in a clothes dryer. Turbyfill and Church were arrested.

After arraignment on a marihuana charge, Turbyfill filed a motion to suppress the marihuana on the ground that it had been obtained by an unlawful search and seizure. The grand jury thereafter returned an indictment charging Turbyfill with possessing marihuana with intent to manufacture, distribute or dispense in violation of 21 U.S.C.A. § 841(a)(1). At a hearing on the motion to suppress, the government produced the two police officers as witnesses. Turbyfill relied upon the testimony of Billy Joe Church, which was in conflict with that of the officers. The district court denied the motion. *United States v. Turbyfill,* 373 F.Supp. 1372 (1974).

The district court determined that the presence of Officers Hamon and Pollard at Turbyfill's residence was lawful; that Church impliedly invited the officers to enter; that the entry was not unlawful; that a strong odor of marihuana permeated the house; that the officers were properly in the place from which they saw the shoe box of marihuana; that Officer Hamon was authorized to go to the basement where Turbyfill was found with the stash of marihuana; and that the seizure of marihuana was justified.

At a trial without a jury it was agreed that the only question was the legality of the seizure of the marihuana. The case was submitted on the evidence heard on the motion to suppress supplemented by pictures of the interior and exterior of the house. The court made an adjudication of guilt and imposed sentence. Turbyfill has appealed. Before this court he asserts that it was error to deny the motion to suppress.

■ At the outset the question is presented as to whether Church was authorized to permit or invite the officers into the house. There was evidence before the district court which showed that Church had been staying in the house for several weeks and had the run of the

---

* The Honorable Warren L. Jones, Senior Circuit Judge, United States Court of Appeals for the Fifth Circuit, sitting by designation.

house. He was an occupant of indefinite duration rather than a casual visitor. In a recent case the Supreme Court has said, "When the prosecution seeks to justify a warrantless search by proof of voluntary consent it is not limited to proof that consent was given by the defendant, but may show that permission to search was obtained from a third party who possessed common authority over or other sufficient relationship to the premises or effects sought to be inspected." *United States v. Matlock,* 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242. In a footnote the Court explained:

Common authority is, of course, not to be implied from the mere property interest a third party has in the property. The authority which justifies the third-party consent does not rest upon the law of property, with its attendant historical and legal refinements * * * but rests rather on mutual use of the property by persons generally having joint access or control for most purposes, so that it is reasonable to recognize that any of the co-inhabitants has the right to permit the inspection in his own right and that the others have assumed the risk that one of their number might permit the common area to be searched. [415 U.S. 164, 171 n. 7, 94 S.Ct. 988, 993, 39 L.Ed.2d 242]

Church was authorized, under the principles stated by the Supreme Court, to allow others to enter the premises.

■ Turbyfill says, however, that even if Church had authority to permit others to enter the dwelling, nothing done by Church was an invitation to the officers to enter the house and thus be in a position to see the marihuana which was first observed. An invitation or consent to enter a house may be implied as well as expressed. There was no error in the determination of the district court that the action of Church in the opening of the door and stepping back constituted an implied invitation to enter. *Friedman v. United States,* 381 F.2d 155 (8th Cir. 1967); *People v. Sproul,* 3 Cal. App.3d 154, 83 Cal.Rptr. 55.

■ The entry of the officers was lawful. Once in the house they were justified in seizing the marihuana which was in plain view in the shoe box on the table. The Supreme Court has succinctly stated the plain view doctrine: "It has long been settled that objects falling in the plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence." *Harris v. United States,* 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067.

The officers had the right to be in the position from which the marihuana was seen and the discovery of the marihuana was inadvertent. The seizure was proper. *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564; *United States v. Blake,* 484 F.2d 50 (8th Cir. 1973), *cert. denied,* 417 U.S. 949, 94 S.Ct. 3076, 41 L.Ed.2d 669.

■ The seizure of the marihuana in the basement was also justified. The officers had a right to conduct a quick and cursory viewing of the residence. *United States v. Clemons,* 503 F.2d 486 (8th Cir. 1974); *United States v. Blake, supra; United States v. Briddle,* 436 F.2d 4 (8th Cir. 1970), *cert. denied,* 401 U.S. 921, 91 S.Ct. 910, 27 L.Ed.2d 824. In the *Blake* and *Briddle* cases the officers arrested an individual and then conducted a check. In this case no one was under arrest when Officer Hamon proceeded to the basement. However, this distinction is not significant. Officers Pollard and Hamon, when they observed the marihuana on the table and smelled the strong odor, had probable cause to believe that a crime was being committed in their presence and that Church might have been the person committing it. There is no reason in such a situation for requiring police officers to formally arrest a suspect before checking the premises for other persons. Once in the basement, Officer Hamon observed the large quantity of marihuana in plain view. As this court stated in *United States v. Briddle, supra*: "The policy reasons that support the application of an exclusionary rule as to evidence

obtained in violation of fourth amendment rights by an illegal search and seizure are not present where the evidence is obtained without any search by being observed in plain view by an officer who concededly had a right to be where the observation occurred." As in *United States v. Blake, supra,* the seizure did not violate the limitations of the plain view doctrine. This was not a general exploratory search.

The seizure of the marihuana was proper. The trial court did not err in denying the motion to suppress. The judgment of the district court is affirmed.