# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1912

_____

United States of America,              *
                                           *

          Appellee,             *

                                         *   Appeal from the United States

        v.                   *   District Court for the

                                         *   Western District of Missouri.

Gregory C. Curnett,              *

                                         *   [UNPUBLISHED]

          Appellant.           *

_____

Submitted: January 11, 2005
Filed:  February 9, 2005

_____

Before MELLOY, SMITH, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

On March 23, 2003, acting on information from a cooperating witness, Chief George R. Poletis of the Lake Lotawana Police Department approached Gregory C. Curnett's residence.  According to Chief Poletis, when he reached the house, the front door was open, but the screen door was closed, so he knocked on the screen door and said, "Police Officer, I need to talk to you."  Curnett then pushed the screen door open, letting Chief Poletis in, and said "What's the matter?  What's going on?"  Shortly after Chief Poletis entered, a second officer, Officer Leslie, arrived and caught the partially open screen door so that he could enter the house.  Concerned

that Curnett was getting "squirrelly," Chief Poletis asked Officer Leslie to handcuff him, and both officers escorted Curnett outside the house.

After being advised of his *Miranda* rights, Curnett admitted that he had illegal materials in the house and consented to a search. A subsequent search of the residence discovered glassware, Red Label ephedrine, black iodine, and numerous other methamphetamine-related items. Curnett moved to suppress these items, arguing that the warrantless entry was unlawful, and that his consent was tainted by the unlawful entry, but the district court[1] denied his motion. After a jury trial, Curnett was found guilty of attempted manufacture of methamphetamine, possession of iodine with intent to manufacture methamphetamine, and unlawful possession of a firearm as a previously convicted felon. He was sentenced to 262 months' imprisonment. Curnett appeals the district court's denial of his motion to suppress evidence obtained during the search of his home.

Curnett's appeal focuses on a discrepancy between the testimony of Chief Poletis, recounted above, and the testimony of Detective John Howe of the Jackson County Drug Task Force. After the disputed search, Detective Howe prepared an affidavit stating that Curnett was apprehended by Chief Poletis as Curnett fled into the house. Detective Howe then testified at the suppression hearing that, although he was not present at the time of Curnett's arrest, Chief Poletis had informed him that Poletis apprehended Curnett because Curnett fled into the residence. Chief Poletis was questioned about Detective Howe's statements, but Poletis maintained that Curnett had not fled into the house and that when Poletis approached the house, Curnett was already inside.

---

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri, adopting the report and recommendation of the Honorable Robert E. Larsen, United States Magistrate Judge for the Western District of Missouri.

As an initial matter, we reject Curnett's argument that the district court failed to make a proper factual determination on the circumstances of Chief Poletis's entry into the residence. Factual findings are inadequate, thus requiring remand, only if there is no "reasonable view of the evidence" that will support the district court's decision. *United States v. Bloomfield*, 40 F.3d 910, 913-14 (8th Cir. 1994) (en banc). This principle is not tested by Curnett's case, because here the district court adopted several findings of fact made by the magistrate judge concerning Chief Poletis's version of the day's events. The court also explicitly addressed the "discrepancy" between Chief Poletis's testimony and the testimony of Detective Howe, finding that the detective's version was "not accurate." These findings are sufficient to support the district court's subsequent conclusions.

Curnett also argues that the district court erred in finding that Chief Poletis entered the home under the circumstances that he described. When evaluating the district court's denial of the motion to suppress, we review the legal conclusions *de novo* and the factual findings for clear error. *United States v. Anderson,* 339 F.3d 720, 723 (8th Cir.), *cert. denied*, 540 U.S. 1084 (2003). In Curnett's view, the district court's finding was clearly erroneous because Chief Poletis had a "clear motive to lie" and because Detective Howe's testimony to the contrary was "overwhelmingly credible." We are not persuaded that the record shows a clear error. A district court's credibility determinations are entitled to great deference, *United States v. Gregory,* 302 F.3d 805, 811 (8th Cir. 2002), and in this case, the court's conclusions survive that deferential review. Curnett did not testify at the suppression hearing, and no evidence other than Howe's report of Poletis's statement supported Curnett's version of the entry into his home. The district court reasonably resolved the conflict in testimony in favor of Chief Poletis, and we see no basis to reverse its credibility finding.

Finally, Curnett argues that the district court made an error of law in finding that Curnett's act of stepping aside to let Chief Poletis into the home constituted

implied consent to the entry. We disagree. We have held that nearly identical actions constitute implied consent to an entry. *United States v. Turbyfill*, 525 F.2d 57, 59 (8th Cir. 1975) (finding implied consent where the resident opened the interior door and stepped back, allowing officers to open the outer screen door and enter); *see also United States v. Smith*, 973 F.2d 1374, 1376 (8th Cir. 1992) (finding consent by a resident who stepped aside and motioned officers in, even though the officers had previously drawn their weapons). Because Curnett's actions were sufficient to allow a reasonable officer to infer consent to enter, we find that the entry was lawful. Consequently, the evidence seized from Curnett's home was not the fruit of an unlawful search. Accordingly, we affirm the judgment of the district court.

_____