# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2862

_____

United States of America,       \*
                              \*

        Appellee,         \*

                              \*   Appeal from the United States

     v.                    \*   District Court for the

                              \*   Northern District of Iowa.

Matthew Varner,             \*

                              \*

        Appellant.        \*

_____

Submitted: December 12, 2006
Filed: April 4, 2007

_____

Before BYE, COLLOTON, and BENTON Circuit Judges.

_____

BENTON, Circuit Judge.

Matthew Allen Varner conditionally pled guilty to possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), reserving the right to appeal the district court's[1] denial of his motion to suppress. Varner appeals, asserting the seizure of ammunition during a warrantless search violates the Fourth Amendment. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

_____

[1]The Honorable Linda R. Reade, Chief Judge for United States District Court for the Northern District of Iowa, adopting the report and recommendation of the Honorable John A. Jarvey, United States Magistrate Judge for the Northern District of Iowa.

I.

Two Cedar Rapids police officers approached Varner's home with an arrest warrant for failure to pay child support. At the door, Varner identified himself, and stepped outside. He was arrested and handcuffed. He asked if he could go inside the house to tell his girlfriend he was leaving. The officers agreed, following him inside.

Entering the living room, the officers saw a glass pipe used for methamphetamine. Varner, who lived in the basement, denied knowledge of the pipe. After seeing the pipe, the officers wanted to remain in the house. They asked Varner for permission to search the house, and he refused. Varner requested to go to the basement for a cigarette. According to the officers, when an arrestee is cooperative, they may allow time to smoke a cigarette. Here, the officers agreed but said they would have to accompany him downstairs. Varner refused, saying he was ready to go to jail.

Shortly after the officers entered the house, Varner's girlfriend came upstairs. Varner asked if she could retrieve his cigarettes from the basement. The officers stated she could but only if, for safety reasons, one of them accompanied her. After receiving assurances that the officer would not search the basement, Varner agreed. Once in the basement, the officer, standing at the foot of the stairs, saw marijuana, a pipe, and a clear bag containing a white substance – all located on top of a toolbox where the cigarettes were (or next to). The officer escorted Varner's girlfriend upstairs. After *Miranda* warnings, he questioned Varner about the drug items. Varner admitted being a marijuana user, but denied knowledge of the white powder.

The officer returned downstairs to retrieve the drug items that were about five feet from the stairs. On a desk, three feet from the stairs, the officer saw a box of ammunition. In the previous week, he had participated in ATF training that explained the laws on possession of ammunition by felons and drug users. (While at the desk,

the officer improperly opened two eyeglass containers, whose contents are not part of this case.)  The officer brought the drug items and ammunition upstairs, and questioned Varner about them.  Varner stated that it wasn't his ammunition.  He had found it in an upstairs room, and for safety reasons, took it to his living area until he could decide how to dispose of it.

Varner moved to suppress the ammunition, claiming the search and seizure without a warrant violated the Fourth Amendment.  The district court denied the motion.  Varner appeals, asserting he did not consent to a search of the basement, the search was not incident to arrest, a protective sweep was not appropriate, and the plain view exception did not apply to the second search of the basement.

## II.

Reviewing denial of a motion to suppress, this court examines "for clear error the district court's factual findings, and we review de novo the ultimate question whether the Fourth Amendment has been violated." *United States v. Spencer*, 439 F.3d 905, 913 (8th Cir. 2006).  This court "must affirm an order denying a motion to suppress unless the decision is unsupported by substantial evidence, is based on an erroneous view of the applicable law, or in light of the entire record, we are left with a firm and definite conviction that a mistake has been made." *Id., quoting United States v. Rodriguez-Hernandez*, 353 F.3d 632, 635 (8th Cir. 2003).  Further, the

> Fourth Amendment proscribes all unreasonable searches and seizures, and it is a cardinal principle that searches conducted outside the judicial process without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment – subject only to a few specifically established and well-delineated exceptions.

*Horton v. California*, 496 U.S. 128, 133 n.4 (1990), *quoting Katz v. United States*, 389 U.S. 347, 357 (1967).  "The Fourth Amendment generally prohibits police from

-3-

entering a home without a warrant unless the circumstances fit an established exception to the warrant requirement." *United States v. Khabeer*, 410 F.3d 477, 482-83 (8th Cir. 2005). The Fourth Amendment's "'central requirement' is one of reasonableness." *Illinois v. McArthur*, 531 U.S. 326, 330 (2001). The circumstances here show the officers entered the house to maintain custody over Varner after his arrest, entered the basement area with his consent, and re-entered the basement to retrieve drug items, where the ammunition was in plain view.

First, after arresting Varner on the porch, the officers followed Varner into the house. In this circumstance, Varner voluntarily reentered the house to let his girlfriend know he was leaving.

> Ordinarily, the arrest of a person outside of a residence does not justify a warrantless search of the residence itself. One of the exceptions to this rule, however, is when an officer accompanies the arrestee into his residence . . . . Even absent an affirmative indication that the arrestee might have a weapon available or might attempt to escape, the arresting officer has authority to maintain custody over the arrestee and to remain literally at the arrestee's elbow at all times.

*United States v. DeBuse*, 289 F.3d 1072, 1074 (8th Cir. 2002) (internal citations omitted). Additionally,

> it is not "unreasonable" under the Fourth Amendment for a police officer, as a matter of routine, to monitor the movements of an arrested person, as his judgment dictates, following the arrest. The officer's need to ensure his own safety – as well as the integrity of the arrest – is compelling. Such surveillance is not an impermissible invasion of privacy or personal liberty of an individual who has been arrested.

*Washington v. Chrisman*, 455 U.S. 1, 7 (1982). In this case, the officers' entry into Varner's house did not violate the Fourth Amendment.

Second, once in the house, Varner consented to entry into his basement living area. Varner does not contend that his consent to entry was involuntary. Varner asked if his girlfriend could return to the basement to retrieve cigarettes. The officers agreed, on the condition that an officer accompany her for safety reasons. *See United States v. Poe,* 462 F.3d 997, 1000 (8th Cir. 2006) ("A legitimate concern for officer safety . . . may constitute an exigent circumstance, and a warrantless entry into a residence may be justified if an officer has a reasonable fear of harm"). The officers further stated that they would not search the basement. *See Arizona v. Hicks*, 480 U.S. 321, 328 (1987) (a "cursory inspection – one that involves merely looking at what is already exposed to view, without disturbing it – is not a 'search' for Fourth Amendment purposes").

Entry into the basement was neither a search incident to arrest, nor a protective sweep. *See Chimel v. California*, 395 U.S. 752, 762-63 (1969) (search incident to arrest); *Maryland v. Buie*, 494 U.S. 325, 334-35 (1990) (protective sweep). The officer's basement entry was upon Varner's verbal consent. Varner agreed to the officer accompanying his girlfriend and thus, consented to the officer's entry into the basement, where drug items were in plain view. *See United States v. Esquivias*, 416 F.3d 696, 703 (8th Cir. 2005) (consent to entry into room led to plain view of narcotics); *United States v. Brooks*, 2 F.3d 838, 842 (8th Cir. 1993) ("Although the Fourth Amendment generally prohibits the warrantless entry of a person's home . . . the prohibition does not apply when voluntary consent has been obtained"); *United States v. Turbyfill*, 525 F.2d 57, 59 (8th Cir. 1975) (after consent to enter the house, officers were justified in seizing drugs in plain view).

Under the Fourth Amendment:

> It is settled that an officer, without a warrant, may seize an object in plain view provided the officer is lawfully in the position from which he or she views the object, the object's incriminating character is immediately apparent, and the officer has a lawful right to access the object.

***Khabeer***, 410 F.3d at 482, *quoting* **United States v. Bustos-Torres**, 396 F.3d 935, 944 (8th Cir. 2005).

While in the basement, the officer remained at the foot of the stairs and saw drugs and paraphernalia in plain view. "This is a classic instance of incriminating evidence found in plain view when a police officer, for unrelated but entirely legitimate reasons, obtains lawful access to an individual's area of privacy. The Fourth Amendment does not prohibit seizure of evidence of criminal conduct found in these circumstances." ***Chrisman***, 455 U.S. at 9.

Finally, rather than immediately seizing the items, the officer escorted the girlfriend back upstairs, gave Varner *Miranda* warnings, and questioned him about the drugs and paraphernalia, which took only a few minutes. After Varner's responses, including his admission of marijuana use, the officer returned to the basement to retrieve the drug items. *See* **United States v. Arcobasso**, 882 F.2d 1304, 1305 (8th Cir. 1989) (officer re-entered house to retrieve ammunition when arrestee acknowledged ownership and firing of guns); *see also* ***Chrisman***, 455 U.S. at 8 (declining to penalize "the officer for exercising more restraint than was required under the circumstances").

Retrieving the drugs from the basement, the officer saw ammunition in plain view a few feet away. Due to his training the prior week, the officer knew it was illegal for felons or drug users to possess ammunition. *See* **United States v. Blom**, 242 F.3d 799, 808 (8th Cir. 2001) (plain view doctrine requires probable cause that ammunition is linked to criminal activity at the time of seizure). In this case, the officer was lawfully in a position to view the ammunition, its incriminating nature immediately was apparent, and he had the lawful right to access it. ***Khabeer***, 410 F.3d

at 482; *United States v. Hatten*, 68 F.3d 257, 260 (8th Cir. 1995). The district court did not err in denying Varner's motion to suppress the ammunition.

The judgment of the district court is affirmed.

_____