# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 07-1473

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District |
| | * | of Minnesota. |
| Michael Brooks Bynum, | * | |
| | * | |
| Appellant. | * | |

———————

Submitted: October 18, 2007
Filed: December 5, 2007

———————

Before LOKEN, Chief Judge, GRUENDER, and BENTON, Circuit Judges.

———————

BENTON, Circuit Judge.

Michael Brooks Bynum conditionally pled guilty to possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), reserving the right to appeal the district court's[1] denial of his motion to suppress. Bynum now asserts that the seizure of a firearm from his vehicle violated the Fourth Amendment. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

———————

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

I.

On April 23, 2006, Minneapolis police officer Burns and his partner encountered a Bronco traveling about 50 in a 30 miles-per-hour speed zone. Following, they observed it turn right at a red light without stopping or signaling, and then turn left without signaling. The Bronco stopped in a driveway. The officers pulled behind it.

The driver, Bynum, looked over his shoulder at the officers, reached down to the floorboard, and exited the Bronco, looking in various directions and leaving the driver's door open. Based on this behavior, Officer Burns believed that Bynum might fight or flee, so he escorted him to the squad car, conducted a pat-down search, and found Bynum's I.D. Officer Burns recognized Bynum's name as a suspect in two gun-pointing incidents and as having a suspended license. Bynum admitted his license was suspended, and Officer Burns's partner confirmed it. During the stop, the owner of the house informed Officer Burns that he did not know Bynum and questioned why the vehicle was in his driveway.

Officer Burns testified that it is Minneapolis Police Department policy to inventory, tow, and impound a vehicle unless it can be released to the registered owner who has a valid driver's license. Because Bynum's license was suspended, Officer Burns reapproached the Bronco to conduct an inventory search. However, before beginning the search (without getting into the Bronco), Officer Burns saw, through the open driver's door, a semi-automatic handgun, knives, and vials of marijuana on the floorboard. He retrieved these items and arrested Bynum.

Bynum was charged with one count of being a felon in possession of a firearm. He moved to suppress the firearm and any resulting statements, arguing that no exception to the warrant requirement justifies the warrantless search of his vehicle. The magistrate judge recommended, and the district court agreed, that Bynum's

motions be denied. Bynum entered a conditional plea of guilty, reserving his right to appeal, which he now invokes.

## II.

This court reviews "the district court's factual determinations in support of its denial of a motion to suppress for clear error and its legal conclusions de novo." *United States v. Poe*, 462 F.3d 997, 999 (8th Cir. 2006). This court "will not reverse the district court's decision regarding a motion to suppress 'unless it is not supported by substantial evidence on the record; it reflects an erroneous view of the applicable law; or upon review of the entire record, [this court] is left with the definite and firm conviction that a mistake has been made.'" *United States v. Perez-Perez*, 337 F.3d 990, 993-94 (8th Cir. 2003), *quoting* *United States v. Layne*, 973 F.2d 1417, 1420 (8th Cir. 1992).

Bynum argues that the warrantless search of his vehicle violated the Fourth Amendment. The "'Fourth Amendment proscribes all unreasonable searches and seizures, and it is a cardinal principle that searches conducted outside the judicial process without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment – subject only to a few specifically established and well-delineated exceptions.'" *United States v. Varner*, 481 F.3d 569, 571 (8th Cir. 2007), *quoting* *Horton v. California*, 496 U.S. 128, 133 n.4 (1990). One established and well-delineated exception is the plain view doctrine. *See id.* at 572. "It is settled that an officer, without a warrant, may seize an object in plain view provided the officer is lawfully in the position from which he or she views the object, the object's incriminating character is immediately apparent, and the officer has a lawful right to access the object." *United States v. Bustos-Torres*, 396 F.3d 935, 944 (8th Cir. 2005), *citing* *Minnesota v. Dickerson*, 508 U.S. 366, 375 (1993). Bynum does not contest that the incriminating nature of the handgun was immediately apparent or that Officer Burns had a lawful right of access to it. He contends that Officer Burns was not

lawfully in the position from which he viewed the handgun because he violated the Fourth Amendment in reapproaching the vehicle.

The act of looking through a car window is not a search for Fourth Amendment purposes because "a person who parks a car – which necessarily has transparent windows – on private property does not have a reasonable expectation of privacy in the visible interior of his car." *United States v. Hatten*, 68 F.3d 257, 261 (8th Cir. 1995), *citing Texas v. Brown*, 460 U.S. 730, 740 (1983). Neither probable cause nor reasonable suspicion is necessary for an officer to look through a window (or open door) of a vehicle so long as he or she has a right to be in close proximity to the vehicle. *See United States v. Beatty*, 170 F.3d 811, 814 (8th Cir. 1999). Bynum lacked a valid driver's license and had parked his car in a stranger's driveway. In accordance with Department policy, Officer Burns had the authority to impound the vehicle. He was initiating this process by reapproaching the vehicle and thus had a right to be in close proximity to it. Officer Burns's seizure of the handgun was constitutional under the plain view doctrine. *See United States v. Gillon*, 348 F.3d 755, 759-60 (8th Cir. 2003) (seizure of drugs viewed through car window during traffic stop constitutional under plain view doctrine).

Finally, Bynum appears to assert throughout his brief that Officer Burns's testimony was not credible because he was "abnormally adversarial." The magistrate judge and the district court relied on Officer Burns's testimony in their fact-finding, and based on the record, Bynum has not shown that this reliance was clearly erroneous. *See United States v. Behler*, 187 F.3d 772, 777 (8th Cir. 1999) ("The district court's assessment of credibility, however, is virtually unreviewable.").

III.

The judgment of the district court is affirmed.