# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3035

_____

United States of America,        *
                                    *

           Appellee,       *
                                    *   Appeal from the United States

v.                     *   District Court for the
                                    *   Western District of Missouri.

Alfonso D. Gill,          *
                                    *   [UNPUBLISHED]

          Appellant.     *

_____

Submitted: April 18, 2008
Filed: August 29, 2008

_____

Before WOLLMAN, BEAM, and RILEY, Circuit Judges.

_____

PER CURIAM.

Alfonso Gill entered a conditional guilty plea to possession with intent to distribute cocaine and cocaine base (crack cocaine) in violation of 21 U.S.C. § 841(a)(1), reserving his right to appeal the district court's[1] denial of his motion to suppress. We affirm.

_____

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

## I. Background

On July 6, 2006, two detectives with the street narcotics unit of the Kansas City Police Department conducted drive-by surveillance on a residence in preparation for the execution of a state search warrant for the residence. The warrant sought the seizure of drugs and drug paraphernalia and was based on drug sales that an occupant of the residence had made to a confidential informant. The detectives observed as a silver Jeep approached and parked across the street from the residence. The driver, later identified as Gill, exited the Jeep, went inside the residence for approximately five minutes, and then returned to the driver's seat of the Jeep. The Jeep remained parked with two men inside it as the tactical squad accompanying the detectives executed the search warrant approximately one minute later. As the two detectives and a special agent approached the Jeep, the passenger exited the Jeep and was detained by one of the detectives because it appeared that he was going to run. Another detective approached Gill on the driver's side and asked him to exit the vehicle. As Gill was exiting the Jeep, the detective saw through the window a clear plastic baggie containing a beige rock substance on top of the Jeep's center console. The substance field-tested positive for cocaine. The subsequent search of Gill's person yielded $1,810 and 67.5 grams of cocaine. A search of the Jeep yielded three plastic baggies containing a total of 88 grams of crack cocaine.

## II. Analysis

The district court adopted the magistrate judge's[2] report and recommendation that Gill's motion to suppress be denied. We review the district court's factual findings in support of its denial of a motion to suppress for clear error and its legal determinations *de novo*. United States v. Spotts, 275 F.3d 714, 718 (8th Cir. 2002).

---

[2]The Honorable John T. Maughmer, United States Magistrate Judge for the Western District of Missouri.

Gill argues that the plain view exception does not apply to justify the warrantless seizure of the crack cocaine because the detective had unreasonably detained him prior to seeing the baggie. The plain-view exception to the Fourth Amendment's prohibition against unreasonable searches and seizures "'allows a police officer to seize evidence without a warrant when (1) the officer did not violate the Fourth Amendment in arriving at the place from which the evidence could be plainly viewed, (2) the object's incriminating character is immediately apparent, and (3) the officer has a lawful right of access to the object itself.'" United States v. Abumayyaleh, 530 F.3d 641, 648-49 (8th Cir. 2008) (quoting United States v. Hughes, 940 F.2d 1125, 1126-27 (8th Cir. 1991)). "Neither probable cause nor reasonable suspicion is necessary for an officer to look through a window (or open door) of a vehicle so long as he or she has a right to be in close proximity to the vehicle." United States v. Bynum, 508 F.3d 1134, 1137 (8th Cir. 2007).

The detective had the right to be in close proximity to the Jeep, for an officer may approach a vehicle parked on a public street to ask questions or request identification without implicating the Fourth Amendment as long as he does not convey that compliance is required. See United States v. Carpenter, 462 F.3d 981, 985 (8th Cir. 2006) (citing Florida v. Bostick, 501 U.S. 429, 434-35 (1991)); see also United States v. Kim, 25 F.3d 1426, 1430 (9th Cir. 1994) (officers may approach individuals in cars parked on public property as if they were standing on a public street).

Although Gill contends to the contrary, we conclude that the district court did not clearly err in finding that the detective viewed the crack cocaine on the console as Gill was exiting the Jeep. Thus, the plain view exception to the Fourth Amendment's warrant requirement authorized the detective to seize the baggie and its contents. In any event, even if we assume that the detective was standing next to the Jeep in order to detain Gill, we conclude that a Terry stop was valid under the circumstances. An officer may briefly detain an individual for investigative purposes

-3-

if the officer has a reasonable suspicion, supported by articulable facts, that the individual is involved in criminal activity. United States v. Saenz, 474 F.3d 1132, 1136 (8th Cir. 2007) (citing Terry v. Ohio, 392 U.S. 1, 30 (1968)). "In determining whether reasonable suspicion exists, we consider the totality of the circumstances in light of the officers' experience and specialized training." United States v. Davis, 457 F.3d 817, 822 (8th Cir. 2006); see Terry, 392 U.S. at 30.

Gill entered a residence that a magistrate judge had found probable cause to believe contained drugs and drug paraphernalia and returned to his vehicle five minutes later in a manner that the detective, in light of his experience and training, identified as consistent with a drug transaction. Gill and his companion remained in the vehicle as the police began to execute the search warrant at the residence. The officers did not know if Gill was a resident of the premises. See Michigan v. Summers, 452 U.S. 692, 702-03 (1981) (allowing the brief investigative detention of a resident of the premises to be searched and recognizing that residents may be of assistance in the "orderly completion of the search"). The officers were also concerned for the safety of the officers conducting the search because the Jeep was in close proximity to the residence, Gill had an unknown connection to the residence, and drug transactions often involve guns. See id. (recognizing the "interest in minimizing the risk of harm to the officers" and that "the execution of a warrant to search for narcotics is the kind of transaction that may give rise to sudden violence"); United States v. Jones, 471 F.3d 868, 874-75 (8th Cir. 2006) (behavior consistent with drug transaction at a residence at which there is probable cause to believe there are drugs provides reasonable belief that officers' safety is at risk, and "[a]lthough the vehicle was not on the premises covered by the search warrant, it was parked on the public street immediately adjacent, so that an armed individual inside could pose a danger to officers on the scene."). Gill's companion had exited the vehicle in a manner that indicated that he was about to flee the scene. When combined, the detective's fact-based suspicion of criminal activity, his safety concerns, and the possibility that Gill may have been a resident of the premises rendered the detective's

detention of Gill reasonable if in fact it occurred prior to the detective's observation of the crack cocaine in the interior of the vehicle.

The judgment is affirmed.

_____