# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2521

_____

United States of America,      *
    *
      Plaintiff - Appellee,      *
    *    Appeal from the United States
      v.      *    District Court for the Southern
    *    District of Iowa.
Michael Anthony Dock,      *
    *    [UNPUBLISHED]
      Defendant - Appellant.      *

_____

Submitted: January 13, 2010
Filed:  January 19, 2010

_____

Before MURPHY and BYE, Circuit Judges, and STROM,[1] District Judge.

_____

PER CURIAM.

Michael Dock was convicted of possessing an unregistered sawed off shotgun in violation of the National Firearms Act.  26 U.S.C. § 5861(d).  The district court[2] sentenced him to 51 months imprisonment.  Dock contends on appeal that the court erred by denying his motion to dismiss under the Speedy Trial Act and by refusing to

_____

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska, sitting by designation.

[2]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

suppress evidence. He also challenges the sufficiency of the evidence underlying his conviction. We affirm.

In the context of a Speedy Trial Act claim, we review the district court's findings of fact for clear error and its legal conclusions de novo. United States v. Titlbach, 339 F.3d 692, 698 (8th Cir. 2003). The periods of delay Dock complains of resulted primarily from continuances and other pretrial motions sought by his own counsel and are excludable under the act. See 18 U.S.C. § 3161; United States v. Yerkes, 345 F.3d 558, 561 (8th Cir. 2003). The remaining period of delay was caused by Dock's failure to return to a halfway house and subsequent arrest on state robbery charges, also excludable under the act. 18 U.S.C. § 3161(h)(1), (3)(A). The district court did not err by denying Dock's motion for dismissal.

Dock argues that the district court erred by denying his motion to suppress the shotgun and his statements to police. Dock asserts that the shotgun was seized as the result of an illegal stop and that the arresting officers failed to give him a Miranda warning. On appeal from the denial of a motion to suppress, we review the district court's factual findings for clear error and its legal conclusions de novo. United States v. El-Alamin, 574 F.3d 915, 923 (8th Cir. 2009). The record shows that officers attempted to pull over a vehicle driven by Dock after observing him driving erratically. Dock refused to pull over and jumped from the vehicle while it was still moving. A footchase ensued and Dock was apprehended. A passenger who also fled the vehicle was not caught. After Dock was secured, Officer Michael Demoss discovered the sawed off shotgun in the front seat of the vehicle. The butt of the gun was in the driver's footwell, while the barrel pointed over to the passenger's side.

The district court denied Dock's motion to suppress the shotgun on the basis that the gun was lawfully seized under the plain view exception to the warrant requirement. The plain view exception "allows a police officer to seize evidence without a warrant when (1) the officer did not violate the Fourth Amendment in

arriving at the place from which the evidence could be plainly viewed, (2) the object's incriminating character is immediately apparent, and (3) the officer has a lawful right of access to the object itself." United States v. Abumayyaleh, 530 F.3d 641, 648–49 (8th Cir. 2008); see also United States v. Bynum, 508 F.3d 1134, 1137 (8th Cir. 2007) ("[n]either probable cause nor reasonable suspicion is necessary for an officer to look through a window (or open door) of a vehicle so long as he or she has a right to be in close proximity to the vehicle."). Based on his observation of Dock's erratic driving, the hit and run accident, and his attempt to flee, Officer Demoss had a lawful basis for his presence near the vehicle. Dock left the door of his vehicle open when he fled the police so Demoss had a clear view of the front seat. The sawed off shotgun's incriminating nature was immediately apparent and admissible under the plain view doctrine. The district court did not err in denying Dock's motion to suppress.

We also reject Dock's argument with respect to his Miranda warnings. The two arresting officers testified that Dock was advised of his Miranda rights before questioning. The district court credited the officers' testimony, and we defer to the court's finding on credibility. United States v. Lockett, 393 F.3d 834, 837–38 (8th Cir. 2005). Given the officers' testimony, the court's finding that Dock received Miranda warnings before questioning is not clearly erroneous. United States v. Terry, 400 F.3d 575, 579 (8th Cir. 2005). Dock's statements were not obtained in violation of Miranda.

Finally Dock asserts that there was insufficient evidence to prove that he possessed the unregistered sawed off shotgun. The scope of our review is quite limited when considering the sufficiency of the evidence underlying a jury verdict. We will uphold the verdict if "there is any interpretation of the evidence that could lead a reasonable minded jury to find the defendant guilty beyond a reasonable doubt." United States v. Brown, 560 F.3d 754, 769 (8th Cir. 2009).

The government presented testimony from the arresting officers, who testified that they discovered the shotgun only minutes after Dock jumped from the vehicle The jury saw photographs of the position of the gun in the vehicle. The jury also heard testimony from Dock's cellmate, who testified that Dock had told him that he knew the shotgun was in the car, that he had used it earlier that night in a robbery, and that he left it in the car when he fled because it was too heavy to carry. Dock challenges the credibility of this testimony, arguing that his cellmate was an unreliable witness. Ultimately, however, the jury appears to have credited the testimony, and it is not our charge on appeal to second guess the jury's credibility determinations. See, e.g., United States v. Wesseh, 531 F.3d 633, 637 (8th Cir. 2008); see also United States v. Bower, 484 F.3d 1021, 1026 (8th Cir. 2007) (we have "repeatedly upheld jury verdicts based solely on the testimony of co-conspirators and cooperating witnesses."); United States v. Williams, 512 F.3d 1040, 1044 (8th Cir. 2008) ("[p]ossession may be actual or constructive and need not be exclusive."). There was sufficient evidence presented for a jury to conclude that Dock possessed the unregistered sawed off shotgun.

Accordingly, the judgment of the district court is affirmed.

_____