NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JERMAINE T. YOUNG, *Appellant.*

No. 1 CA-CR 13-0736
FILED 2-19-2015

Appeal from the Superior Court in Maricopa County
No.  CR2012-139910-001
The Honorable Rosa Mroz, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By David Simpson
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Kathryn L. Petroff
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Patricia K. Norris delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Randall M. Howe joined.

---

**N O R R I S,** Judge:

¶1        Jermaine T. Young appeals his conviction and sentence for misconduct involving weapons. On appeal, Young argues the superior court, first, should have suppressed evidence of the gun discovered by a police detective when the detective illegally searched his car; second, should not have admitted evidence at trial regarding the car's registration; and third, should have granted his motion for a new trial because it failed to properly instruct the jury.  As we explain, we disagree with the first and third arguments, and do not address the second argument as Young failed to preserve it for our review.  We therefore affirm his conviction and sentence.

**DISCUSSSION**[1]

I.        Suppression of the Gun

¶2        After conducting an evidentiary hearing, the superior court denied Young's motion to suppress the gun police found in his car. In so doing, the court relied on the "plain view exception" to the Fourth Amendment warrant requirement.  The "plain view exception" allows a police officer who is lawfully present at a place to seize an item in plain view if its evidentiary value is immediately apparent. *Horton v. California*, 496 U.S. 128, 136, 110 S. Ct. 2301, 2308, 110 L. Ed. 2d 112 (1990).

¶3        On appeal, Young argues the detective had "no authority or justification under the 'plain view' exception for searching [the] car without a warrant and without [his] permission."  Young also asserts the detective's stated purpose for returning to his car to test the window tint was pretextual.  Applying the applicable standards of review, we reject both arguments. *See State v. Gilstrap*, 235 Ariz. 296, 297, ¶ 6, 332 P.3d 43, 44 (2014)

---

[1]Although the Arizona Legislature amended certain statutes cited in this decision after the date of Young's offense, the revisions are immaterial to the resolution of this appeal.  Thus, we cite to the current version of these statutes.

(appellate court reviews for abuse of discretion trial court's factual findings on motion to suppress, but reviews de novo its ultimate legal determination that search complied with Fourth Amendment); *see also State v. Fornof*, 218 Ariz. 74, 76, ¶ 8, 179 P.3d 954, 956 (App. 2008) (appellate court reviews evidence presented at suppression hearing in light most favorable to upholding trial court's factual findings).

¶4 At the suppression hearing, the detective testified he and another detective stopped Young's car while patrolling an area in Phoenix prone to gang violence.[2] Before the stop, the detective saw Young "reach over to the passenger side of the vehicle." Subsequently, the detective asked Young, who was by then sitting on the street curb, whether he had any weapons in the car. Young responded, "No."

¶5 The detective returned to the car to test the window tint. The detective explained that to do this he had to view the window "from both sides" through a "little box" that he had to place over the window. The detective said he "believe[d]" the driver side door was closed when he returned to the car, but the window was down. The detective also explained the driver's side door was open at some point so that Young could get out of the car, but, thereafter, the door "probably" was closed or left slightly ajar so as not to interfere with traffic. In any event, the detective testified he "looked at the window" and noticed part of the gun handle underneath the passenger seat.

¶6 Young disputed the detective's testimony regarding how the detective discovered the gun. Young testified he was sitting on the curb behind his car when he saw the detective return to the driver's side of the car, open the door, crouch down, and peer under the passenger seat. Based on his testimony, Young argued the plain view exception was inapplicable because the detective had to open the car door to see the gun.

¶7 In denying the motion to suppress, the court made no express findings as to whether the detective had opened the car door. The court stated, however, that the detective "had authority to open the door of the vehicle to test the tint of the driver's window," "[h]e was in a position to see the gun located partially under the front passenger seat," and that "[t]his was an inadvertent discovery." In light of the detective's testimony he was looking "at" the window instead of "through" it when he saw the gun, we interpret the court's statement as a finding that the detective opened the driver's side door to test the window tint. *See* Ariz. Rev. Stat.

---

[2]Young did not contest the validity of the traffic stop at the suppression hearing.

("A.R.S.") §§ 28-121 (Supp. 2014), -959.01(A)(1), (B) (2012) (specifications for materials on motor vehicle windows and windshield, violation of which is class two misdemeanor).

¶8        Because the detective was looking at the window to test the tint when he saw the gun, he was lawfully in a position to see it. *See United States v. Bynum*, 508 F.3d 1134, 1137 (8th Cir. 2007) (seizure of handgun from vehicle held constitutional under plain view doctrine when police officer "had a right to be in close proximity" to vehicle that he was authorized to impound). Further, based on Young's statement to the detective before the detective tested the window tint — that he did not have any weapons in the car — the gun's "incriminating character" was "immediately apparent." As the detective explained at the suppression hearing: "He was hiding the fact that he had a gun in the car or said he didn't have a gun in the car." *See* A.R.S. § 13-3102(A)(1)(b), (M) (Supp. 2014) (inaccurately answering police officer's question regarding presence of concealed deadly weapon within one's immediate control in a means of transportation is class one misdemeanor). Accordingly, assuming without deciding the detective searched Young's car when he opened the car door,[3] the detective's seizure of the gun was lawful under the plain view exception to the warrant requirement.

¶9        Finally, even though the detective's intent in returning to the car to test the window tint is irrelevant to determining whether a Fourth Amendment violation occurred here, the superior court's finding that the detective inadvertently saw the gun in Young's car precludes a conclusion that the "search" was pretextual. *See State v. Jeney*, 163 Ariz. 293, 296, 787 P.2d 1089, 1092 (App. 1989) ("searches and seizures are to be examined under a standard of objective reasonableness without regard to the good or bad faith intention of a police officer, or to the underlying intent or motive of the individual officer involved"). Thus, we affirm the superior court's denial of Young's motion to suppress the gun evidence.[4]

---

[3]The State argues on appeal "no search" occurred because the detective saw the gun while looking at the window, but the State did not raise this argument in the superior court. *See Bynum*, 508 F.3d at 1137 ("The act of looking through a car window is not a search for Fourth Amendment purposes.").

[4]Young's reliance on *State v. Gant*, 216 Ariz. 1, 162 P.3d 640 (2007), *aff'd*, 556 U.S. 332, 129 S. Ct. 1710, 173 L. Ed. 2d 485 (2009), is misplaced. *Gant* addressed a search of a vehicle incident to the occupant's

II.      Car Registration Evidence

**¶10**          Young argues the court abused its discretion in allowing the other detective to testify at trial that the car was registered to Young because the testimony was irrelevant "for any purpose."  The record, however, reflects Young objected to the evidence based on hearsay, not relevancy. Therefore, we normally would review this issue only for fundamental error. *State v. Lopez*, 217 Ariz. 433, 434-35, ¶ 4, 175 P.3d 682, 683-84 (App. 2008) (objection on one ground does not preserve objection on another ground; appellate court then reviews other ground for fundamental error).

**¶11**          But on appeal Young does not argue the superior court committed fundamental error in allowing the detective to testify about the car's registration.  *See State v. Henderson*, 210 Ariz. 561, 567-68, ¶¶ 20-22, 115 P.3d 601, 607-08 (2005) (defendant bears burden of establishing both fundamental error occurrence and resulting prejudice).  Accordingly, Young has waived this issue on appeal and we will not address it.  *See State v. Moreno-Medrano*, 218 Ariz. 349, 354, ¶¶ 16-17, 185 P.3d 135, 140 (App. 2008) (defendant waives argument alleged error at trial constituted fundamental error when he fails to argue issue on appeal); *see also State v. Carver*, 160 Ariz. 167, 175, 771 P.2d 1382, 1390 (1989) (failure to argue claim usually constitutes abandonment and waiver of such claim) (citations omitted).

III.     Motion for New Trial - Jury Instructions

**¶12**          The court instructed the jury, in relevant part, as follows:

The crime of "Misconduct Involving Weapons"
requires proof that:

1. The defendant knowingly possessed a deadly
weapon; and

---

arrest.  *Id.* at 2, ¶ 1, 162 P.3d at 641.  We also reject Young's argument that the detective was not justified in opening the car door because "there was a less intrusive way to test the window" tint (i.e., the window was open). The record does not support this argument.  Although the detective testified the car's window was part way down and that, generally, a tint test can be conducted on a car window as long as it is "rolled down," he did not testify the window was sufficiently "rolled down" to allow him to test the tint "from both sides" without opening the car door.

2. The defendant was a prohibited possessor at the time of possession of the weapon.

"Knowingly" or "knew" means that a person is aware or believes that his or her conduct is of that nature or that the circumstance exists. It does not require any knowledge of the unlawfulness of the act or omission.

. . . .

The law recognizes different types of possession.

"Actual possession" means the defendant knowingly had direct physical control over an object.

"Constructive possession" means the defendant, although not actually possessing an object, knowingly exercised dominion or control over it, either acting alone or through another person. "Dominion or control" means either actual ownership of the object or power over it. Constructive possession may be proven by direct or circumstantial evidence.

Both actual and constructive possession may be sole or joint. "Sole possession" means the defendant, acting alone, had actual or constructive possession of an object. "Joint possession" means the defendant and one or more persons shared actual or constructive possession of an object.

You may find that the element of possession, as the term is used in these instructions, is present if you find beyond a reasonable doubt that the defendant had actual or constructive possession, either acting alone or with another person.

¶13        During deliberations, the jury submitted two questions to the court. First, the jury asked the court to, "Clarify [the] 'knowingly or knew' statement on page 6. Specifically, 'or believes that his or her conduct is of

that nature <u>or</u> that the circumstance exists.'" Second, the jury asked, "Does 'dominion or control' mean that contents within the vehicle are under the 'dominion' of this individual (whether it was known or not)?" Young agreed with the court's suggestion that it respond to the first question by referring the jury to its instructions. Young suggested the court answer the second question by informing the jury that "Mr. Young had to know what he had control over . . . in order to be found in dominion or control over the item." The court rejected Young's proposed response and informed the jury: "This is a question of fact for the jury to decide. You should refer to the jury instructions on the definition of 'possession' and 'knowingly' for further guidance."

¶14         On appeal, Young argues the court did not properly respond to the jury's second question and, because of this, should have granted his motion for a new trial. Specifically, he argues the second question (especially when viewed in combination with the first question) reflects the jury was confused about an issue of law — whether "the law" required Young to "know (or have cognizance) of the item which he is accused of having dominion or control over."

¶15         "When the jury appears to be confused about a legal issue, and the resolution of the question is not apparent from an earlier instruction, the trial judge has a responsibility to give the jury the required guidance by a lucid statement of the relevant legal criteria." *State v. Ramirez*, 178 Ariz. 116, 126, 871 P.2d 237, 247 (1994) (citations omitted) (internal quotation marks omitted). Nevertheless, whether a court should further instruct a jury on a matter is within its discretion. *Id.* In exercising its discretion, a court may refuse to instruct on a matter that it has adequately covered in other instructions. *Id.*

¶16         Here, the court did not abuse its discretion in refusing to answer the jury's question as Young suggested, and by referring the jury to the instructions it had already been given regarding the definitions of "possession" and "knowingly." The court properly viewed the jury's question as raising a "question of fact" the jury had to decide, and further, the court's prior instructions on "possession" and "knowingly" adequately and properly reflected Arizona law. *See* A.R.S. §§ 13-105(10)(b) (Supp. 2014) (definition of "knowingly"), -3102(A)(4) (misconduct involving weapons by prohibited possessor).

**CONCLUSION**

¶17      For the foregoing reasons, we affirm Young's conviction and sentence.



**Ruth A. Willingham** · **Clerk of the Court**
**F I L E D :** ama